MARTIN E. TRENT, Respondent, *v.* CITY OF NEW YORK, Appellant.

First Department, October 11, 1955.

*Robert E. Hugh* of counsel (*Seymour B. Quel* and *Marshall H. Kozinn* with him on the brief; *Peter Campbell Brown, Corporation Counsel,* attorney), for appellant.

*H. Broadman Epstein* for respondent.

*Per Curiam.* Plaintiff, owner of a building in lower Manhattan, has recovered a judgment against the City of New York, after trial, for $5,300 for property damage. The building is over 100 years old, and the damage consisted of the fall of part of the face brick from one of its walls. The cause was testified by plaintiff's expert to have been repeated vibrations observed in the building over a period of time, in turn caused by the impacts of heavily laden trucks striking unrepaired holes, one as much as eleven inches deep, in the street in front of the premises. There had been such holes left in nonrepair for a period ranging from many days to several weeks over the prior year. Immediately preceding the accident, one particular hole, with a depth of six inches, had been the occasion for exceedingly heavy shocks and consequent vibrations. The brick that fell was part of the original construction, as was the mortar with which the brick had been laid. There was also testimony that on the ground floor of the premises occupied by a tenant, there were heavy printing presses. The owner had given notice to the city of the existence of the hole three or four weeks prior to the accident. At no time, however, did he notify the city that the disrepair of the street was causing severe vibrations and

shock to the building in question. None of the other buildings in the area, although some are as old as the one involved in this case, suffered any similar injury.

The issue is whether the city should have anticipated or foreseen that its failure to repair the holes in the street would cause damage to the abutting building. We think that it was not obligated to have foreseen or anticipated such consequences. On the other view, if the city should have anticipated or foreseen such consequences, then certainly the owner should have had as much foresight. Since the case was tried on the theory that the damage was caused by the repetitious pounding over a period of time, the owner was at least in equal if not better position to anticipate the effects of the pounding and vibration in his building. It was his building. He was familiar with its age and condition of maintenance. He knew of the vibrations and shocks to the building. It would therefore have been incumbent upon him, before he could hold the city liable, to establish that the city had notice from him, or from other circumstances, that not only were there unrepaired holes in the street but that the combination of holes and truck traffic was threatening injury to the building.

In a metropolitan city with heavy traffic, much of it composed of huge trucking vehicles, we may not require that the municipality anticipate the effect that occurred here. Involved is the wide variety of structures abutting the populous and myriad streets, all of varying ages, including some of great antiquity, and all of varying degrees of strength, quality and maintenance. This is the first time, it is conceded, that the imposition of such an extensive liability upon a municipality has been suggested. In the absence of more specific notice by the owner, or other circumstances that would suggest notice to the city of the possible effects, we do not find that such liability exists. While we accept the jury's finding that the cause of the damage was the unrepaired holes, we do not find that this was within the foreseeable risk. (*Palsgraf* v. *Long Island R. R. Co.*, 248 N. Y. 339.)

Accordingly, the judgment in favor of plaintiff should be reversed on the law and the complaint dismissed.

BREITEL, J. P., RABIN and COX, JJ., concur; BASTOW and BOTEIN, JJ., dissent and vote to affirm.

Judgment reversed, with costs to the appellant, and the complaint dismissed, and judgment is directed to be entered in favor of the defendant dismissing the complaint herein, with costs.