■ DOUGLAS FECHT et al., Plaintiffs, v CITY OF NEW YORK, Defendant, LAQUILA CONSTRUCTION, INC., et al., Respondents, and STORCH ENGINEERS, Appellant. [663 NYS2d 891] —In an action to recover damages for personal injuries, etc., the defendant Storch Engineers appeals from an order of the Supreme Court, Queens County (Polizzi, J.), dated November 15, 1996, which denied its motion for summary judgment dismissing the cross claims of Laquila Construction, Inc., and Pavlo Engineering insofar as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the motion is granted, and the cross claims of the respondents are dismissed insofar as asserted against the appellant.

The Supreme Court erred in denying the motion of the defendant Storch Engineers (hereinafter Storch) for summary judgment dismissing the cross claims of Laquila Construction, Inc. (hereinafter Laquila), and Pavlo Engineering (hereinafter Pavlo) insofar as asserted against it. An engineer such as Storch, retained to assure compliance with construction plans and specifications, is not liable for injuries to a member of the general public unless the engineer commits an affirmative act of negligence or such liability is clearly imposed by contract (*see, D'Andria v County of Suffolk*, 112 AD2d 397, 399).

There is no evidence in this case that Storch committed any affirmative act of negligence. Storch's contract did not impose any duty on it to control or supervise the work at the construction site or to ensure the safety of the public. Further, Laquila and Pavlo failed to come forward with evidence sufficient to

raise a triable issue of fact as to whether Storch actually exercised control or supervision over the construction site (see, *Giordano v Seeyle, Stevenson & Knight*, 216 AD2d 439; *Prado v Bowne & Sons*, 207 AD2d 875). The evidence demonstrates that Storch did no more than satisfy its contractual obligation to inspect the work and ensure that it complied with the plans and specifications. Bracken, J. P., Pizzuto, Altman and Krausman, JJ., concur.