■ HENRYK WORONIECKI et al., Respondents, v GEORGE I. TZITZIKALAKIS, Defendant, and JAMES I. TZITZIKALAKIS et al., Defendants and Third-Party Plaintiffs-Appellants. ALLBORO PIPING CORPORATION, Third-Party Defendant-Appellant. [758 NYS2d 118] —In an action to recover damages for personal injuries, etc., the defendants third-party plaintiffs and the third-party defendant separately appeal from so much of a judgment of the Supreme Court, Kings County (Douglass, J.), dated April 23, 2001, as, upon a jury verdict, is in favor of the plaintiffs and against them. Justice McGinity has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the judgment is reversed, on the law, with one bill of costs, and the complaint is dismissed.

As a general rule, we do not consider any issue raised on a subsequent appeal that was raised, or could have been raised, in an earlier appeal which was dismissed for lack of prosecution, although we have inherent jurisdiction to do so (*see Rubeo v National Grange Mut. Ins. Co.,* 93 NY2d 750 [1999]; *Bray v Cox,* 38 NY2d 350 [1976]). Here, the defendants third-party plaintiffs (hereinafter the owners), allegedly the owners of the premises where the accident occurred, appealed from a prior order of the Supreme Court dated November 5, 1999, which denied their motion for summary judgment dismissing the complaint. That appeal (App Div Docket No. 1999-11812) was dismissed by decision and order on motion of this Court, dated December 21, 2000, for failure to prosecute. The dismissal for lack of prosecution bars so much of their appeal as raises issues concerning the denial of summary judgment, as those issues could have been raised on the prior appeal (*see Rubeo v National Grange Mut. Ins. Co., supra; Bray v Cox, supra*).

A verdict is not supported by legally sufficient evidence if there is no "valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]; *see Nicastro v Park,* 113 AD2d 129 [1985]). Here, there was no showing that the owners told the injured plaintiff how to perform his work, and there was no showing that the owners exercised any supervisory control over the activity that brought about the injured plaintiff's injuries (*see Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876 [1993]; *Jacobsen v Grossman,* 206 AD2d 405 [1994]). Therefore, the jury's finding of liability pursuant to Labor Law § 200 is not supported by legally sufficient evidence.

Further, the plaintiffs' claim pursuant to Labor Law § 241 (6) was not supported by legally sufficient evidence. The Industrial Code provision relied upon by the plaintiffs, 12 NYCRR 23-9.5, applies to an excavating machine that is "not in use." Here, the evidence in the plaintiffs' case established as a matter of law that the backhoe was "in use" at the time of the accident. Accordingly, the subject Industrial Code provision is inapplicable to the present case.

In light of our determination, we need not reach the appellants' remaining contentions. Santucci, J.P., Feuerstein, McGinity and Schmidt, JJ., concur.