■ PHILIP SPAGES, Respondent, v GARY NULL ASSOCIATES, INC., Appellant-Respondent, and SELMA WEISER, Respondent-Appellant, et al., Defendants. [788 NYS2d 355]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered June 7, 2004, which, inter alia, granted plaintiff's motion insofar as to award him summary judgment as to liability upon his Labor Law § 240 (1) and § 241 (6) claims as against defendants Gary Null Associates, Inc. (Null) and Selma Weiser, denied the cross motion for summary judgment of defendant Gary Null Associates, Inc., and denied Weiser's cross motion insofar as it sought summary judgment upon her claim for common-law indemnification as against Null, unanimously modified, on the law, to deny plaintiff's motion with respect to his Labor Law § 241 (6) claim, and otherwise affirmed, without costs.

Although plaintiff contracted to perform the work on the premises leased by Null in the course of which he was injured, he is not, as Null contends, therefore disqualified from pursuing his Labor Law claims. Plaintiff did not act as general contractor. Rather, he worked principally as a laborer under a salary contract with Null, which maintained control over all hiring and paid the other workers directly. In view of the nature of his work and employment relation, and his very limited supervisory authority and control over the project, plaintiff was not excludable as a "contractor" from the Labor Law's protective ambit

(*see Madden v Trustees of Duryea Presbyt. Church,* 210 AD2d 382 [1994]).

Comparative negligence is not a defense to a Labor Law § 240 (1) claim and plaintiff was properly granted summary judgment as to liability on that claim since the evidence established that plaintiff's fall and consequent injury were attributable to the failure of Null and Weiser, the lessee and owner of the premises where the injury-producing work occurred, to discharge their nondelegable statutory duty to provide adequate scaffolding for plaintiff's work. On the other hand, comparative negligence is a valid defense to a Labor Law § 241 (6) claim (*Rizzuto v L.A. Wenger Contr. Co.,* 91 NY2d 343, 350 [1998]), and in light of the evidence showing that plaintiff himself equipped the scaffold from which he fell with the knotted, non-stress-quality floorboard that snapped under his weight, a triable issue has been raised with respect to that defense.

Since Weiser failed to establish that Null was actively negligent, and indeed it appears that Null's liability is purely statutory, Weiser's motion for summary judgment upon her claim for common-law indemnification was properly denied (*see Correia v Professional Data Mgt., Inc.,* 259 AD2d 60, 65 [1999]). Concur—Mazzarelli, J.P., Williams, Gonzalez, Sweeny and Catterson, JJ.