■ FRANK VICARI et al., Appellants, v TRIANGLE PLAZA II, LLC, et al., Respondents, and R.C. DOLNER, INC., Defendant and Third-Party Plaintiff-Respondent. RECINE MATERIALS CORP., Third-Party Defendant-Respondent. [793 NYS2d 430]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from (1) a decision of

the Supreme Court, Queens County (Kelly, J.), dated August 25, 2003, and (2) so much of an order of the same court dated November 21, 2003, as (a) denied their cross motion for summary judgment on the issue of liability on their Labor Law § 240 (1) and § 241 (6) causes of action, (b) granted those branches of the separate motions of the defendants Triangle Plaza II, LLC, and Triangle Equities, Incorporated, and the defendant third-party plaintiff R.C. Dolner, Inc. which were for summary judgment dismissing the complaint insofar as asserted against each of them, and (c) granted the motion of the third-party defendant Recine Materials Corp. to dismiss the complaint insofar as asserted against the defendant third-party plaintiff.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The plaintiffs did not establish their prima facie entitlement to judgment as a matter of law on their cause of action to recover damages for a violation of Labor Law § 240 (1), as they did not demonstrate that the injuries alleged arose from a special elevation-related risk for which the protective devices in the statute were prescribed (*see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]; *Sparkes v Berger*, 11 AD3d 601, 602 [2004]). Moreover, the Supreme Court properly granted the motion and those branches of the motions of the defendants and the third-party defendant which were for summary judgment dismissing this cause of action (*see Melber v 6333 Main St.*, 91 NY2d 759, 763-764 [1998]). Those parties made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that the work in which the injured plaintiff was involved was wholly unrelated to an elevation-related hazard (*see Aquilino v E.W. Howell Co., Inc.*, 7 AD3d 739, 740-741 [2004]). In opposition, the plaintiffs failed to raise a triable issue of fact.

The Supreme Court correctly determined that the Industrial Code provisions alleged by the plaintiffs to have been violated did not furnish a basis for liability under Labor Law § 241 (6). 12 NYCRR 23-9.4 (h) (1) and (5) concern equipment carrying loads over the area where individuals are working. Since the backhoe which struck the injured plaintiff, causing his injuries, was not lifting or hoisting anything at the time of his accident, neither of these provisions apply in this case. 12 NYCRR 23-9.5

(c) concerns the positioning of the bucket of a backhoe when the backhoe is not "in use." In opposition to the defendants' prima facie showing that the backhoe was being operated by the injured plaintiff's coworker to begin digging a trench, and thus, "in use" at the time of the accident, the plaintiffs failed to raise a triable issue of fact. Accordingly, this provision of the Industrial Code is similarly inapplicable here (*see Woroniecki v Tzitzikalakis*, 304 AD2d 571, 572 [2003]).

The defendants made a prima facie showing that their representatives neither told the plaintiff how to do his work nor exercised any supervisory control over the activity that brought about the injured plaintiff's injuries. In opposition, the plaintiffs failed to raise a triable issue of fact. As such, the Supreme Court properly granted those branches of the motion and cross motions which were to dismiss the Labor Law § 200 cause of action (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876 [1993]). Adams, J.P., Krausman, Rivera and Lifson, JJ., concur.