■ DAVID MOHAMMED, Appellant, v ISLIP FOOD CORP., Doing Business as C-TOWN SUPERMARKET, et al., Respondents, 2-32C WHEELER ROAD, INC., Appellant, et al., Defendants. [808 NYS2d 389]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Schulman, J.), dated January 27, 2004, as granted those branches of the cross motion of the defendant Islip Food Corp., doing business as C-Town Supermarket, which were for summary judgment dismissing the causes of action based on common-law negligence and a violation of Labor Law § 200 insofar as asserted against it, and granted those branches of the separate cross motions of defendants Krasdale Foods, Inc., and Sam Infantino Wholesale Produce Inc., which were for summary judgment dismissing the amended complaint insofar as asserted against them, and the defendant 2-32C Wheeler Road, Inc., separately appeals, as limited by its notice of appeal and brief, from so much of the same order as denied that branch of its motion which was for conditional summary judgment on its claim for common-law indemnification against Islip Food Corp., doing business as C-Town Supermarket.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the defendant Islip Food Corp., doing business as C-Town Supermarket, payable by the defendant 2-32 Wheeler Road, Inc., and one bill of costs to the defendants Islip Food Corp., doing business as C-Town Supermarket, Sam Infantino Wholesale Produce, Inc., and Krasdale Foods, Inc., payable by the plaintiff, upon searching the record, summary judgment is awarded to the defendant Islip Food Corp., doing business as C-Town Supermarket, dismissing the cross claim of the defendant 2-32C Wheeler Road, Inc., for common-law indemnification insofar as asserted against it, and so much of the order as denied that branch of the cross motion of the defendant Islip Food Corp., doing business as C-Town Supermarket, which was for summary judgment dismissing the cross claim of the defendant 2-32C Wheeler Road, Inc. for common-law indemnification insofar as asserted against it is vacated, that branch of that cross motion is granted, and the cross claim of the defendant 2-32C Wheeler Road, Inc., for common-law indemnification insofar as asserted against the defendant Islip Food Corp., doing business as C-Town Supermarket is dismissed.

The defendant 2-32C Wheeler Road, Inc. (hereinafter the

landlord), leased premises to the defendant Islip Food Corp., doing business as C-Town Supermarket (hereinafter C-Town), which C-Town operated as a supermarket. C-Town contracted with the plaintiff's employer, Your Town Cesspool Plumbing and Heating Corp. (hereinafter Your Town), for the installation of an auxiliary cesspool on the premises. To install the auxiliary cesspool tank, on the afternoon of July 2, 1999, the plaintiff and another employee of Your Town, Richard Baldwin, dug a trench near a loading dock platform used by trucks to make deliveries to C-Town. The plaintiff and Baldwin placed red safety cones around the trench so that no one would walk or drive in the immediate area. The plaintiff was then lowered into the unshored trench using the bucket of a backhoe, which Baldwin was operating approximately four feet from the edge of the trench. While in the trench, the plaintiff used a steel sledgehammer to make a hole in the existing cesspool, and then laid a new pipe. As the plaintiff was working, one wall of the trench collapsed, burying him up to his waist and allegedly causing injuries to his knees.

The plaintiff commenced the instant action, alleging, inter alia, that delivery trucks operated by certain of the defendants, including Krasdale Foods, Inc. (hereinafter Krasdale), and Sam Infantino Wholesale Produce, Inc. (hereinafter Infantino), were permitted to operate and remain with their engines idling for an extended period of time in proximity to the trench, and that the resulting vibrations caused the trench wall to collapse. The plaintiff further asserted that both the landlord and C-Town were responsible for creating or permitting the creation of a dangerous condition at the work site. In separate causes of action asserted against the landlord and C-Town, the plaintiff alleged violations of Labor Law §§ 200, 240 (1), and § 241 (6).

The landlord subsequently moved, and C-Town, Krasdale, and Infantino separately cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. As relevant to this appeal, the Supreme Court granted those branches of the motion and cross motions which were for summary judgment dismissing the causes of action based on common-law negligence, denied those branches of the landlord's motion and C-Town's cross motion which were for summary judgment dismissing their respective cross claims based on Labor Law § 241 (6), and denied as premature that branch of the landlord's motion which was for conditional summary judgment on its cross claim for common-law indemnification insofar as asserted against C-Town.

C-Town established its prima facie entitlement to judgment

as a matter of law on the causes of action based on common-law negligence and a violation of Labor Law § 200 insofar as asserted against it. C-Town demonstrated that it did not exercise supervision and control over the work contracted to Your Town, and that Your Town was solely responsible for the manner in which the work was performed, including, inter alia, the critical tasks of excavating the trench, placing red cones around the work area, and deciding not to shore up the trench walls. Moreover, C-Town tendered evidence that it did not control the manner in which delivery trucks entered and exited the premises, or whether truck engines were turned off or permitted to idle during deliveries, and that it had no notice of any potentially dangerous condition arising therefrom. In opposition, the plaintiff failed to raise any triable issue of fact as to C-Town's negligence (*see Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877-878 [1993]; *Lombardi v Stout,* 80 NY2d 290, 294-295 [1992]; *Vicari v Triangle Plaza II, LLC,* 16 AD3d 672, 674 [2005]). Accordingly, summary judgment was properly granted to C-Town dismissing those causes of action.

Further, Infantino established its prima facie entitlement to judgment as a matter of law by tendering affirmative evidence that none of its employees was aware of any incident occurring during the delivery of produce to the C-Town supermarket on the morning of July 2, 1999. Moreover, Infantino and Krasdale established, prima facie, that the alleged vibrations from idling trucks were not a proximate cause of the accident, in that it was unforeseeable, under the circumstances of this case, that such vibrations could lead to the collapse of the trench wall (*see Trent v City of New York,* 286 App Div 479 [1955]). In opposition, the plaintiff failed to raise a triable issue of fact as to the existence of any causal relationship between the idling truck engines and the accident (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Accordingly, summary judgment was properly granted as to Infantino and Krasdale dismissing the causes of action based on common-law negligence and a violation of Labor Law § 200.

Moreover, because the court correctly determined, as a matter of law, that C-Town was not actively negligent and that its only potential liability to the plaintiff was statutory in nature, it is clear that the landlord was not entitled to conditional summary judgment against C-Town on its cross claim for common-law indemnification (*see Spages v Gary Null Assoc., Inc.,* 14 AD3d 425, 426 [2005]). To the contrary, since there are no triable issues of fact, we search the record and award summary judgment to C-Town dismissing the landlord's cross claim for

common-law indemnification insofar as asserted against C-Town. Although C-Town did not appeal, this Court has the authority to search the record and award it summary judgment (*see Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]).

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Cozier, Rivera and Fisher, JJ., concur.