■ DANIELLE LISI et al., Respondents, v LAWRENCE COCO, Defendant, and MICHAEL R. McARDLE et al., Appellants. [819 NYS2d 95]—

In an action to recover damages for personal injuries, etc., the defendants Michael R. McArdle and Michael McArdle appeal, as limited by their brief, from so much of an order of the Supreme Court, Putnam County (O'Rourke, J.), dated March 21, 2005, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and granted that branch of the plaintiffs' cross motion which was for leave to amend the complaint to add a cause of action alleging recklessness, and the defendant Matthew R. Hudak separately appeals from so much of the same order as denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable to the appellants appearing separately and filing separate briefs, the motions are granted, that branch of the cross motion which was for leave to amend the complaint is denied, the complaint and all cross

claims insofar as asserted against the appellants are dismissed, and the action against the remaining defendant is severed.

In support of their motions for summary judgment, the appellants made prima facie showings of their entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs offered nothing more than speculation that any alleged negligence on the part of the appellants was a proximate cause of the injured plaintiff's injuries (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]; *Johnson v Leach Co.,* 5 AD3d 735, 736 [2004]; *Mazzone v Lazaroff,* 305 AD2d 558, 559 [2003]; *Coughlin v Bartnick,* 293 AD2d 509, 510 [2002]; *Johnson v Sniffen,* 265 AD2d 304 [1999]). Accordingly, the Supreme Court should have granted the appellants' motions for summary judgment.

Moreover, the Supreme Court erred in granting that branch of the plaintiffs' cross motion which was for leave to amend the complaint. The plaintiffs' contention that the appellants recklessly chased the defendant Lawrence Coco's vehicle was grounded in mere speculation. Accordingly, that branch of the plaintiffs' cross motion which was for leave to amend the complaint to add a cause of action alleging recklessness should have been denied (*see Thone v Crown Equip. Corp.,* 27 AD3d 723 [2006]). Miller, J.P., Goldstein, Fisher and Dillon, JJ., concur.