Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered April 5, 2012, which, insofar as appealed from as limited by the briefs, granted plaintiff’s cross motion for summary judgment on the issue of liability on his Labor Law § 240 (1) claim and on his Labor Law § 241 (6) claim to the extent it is predicated on Industrial Code (12 NYCRR) § 23-1.15, granted third-party defendant Fresh Meadow Power, LLC (FMP)’s cross motion for summary judgment dismissing the claim by defendants Caithness Long Island, LLC, Siemens Energy, Inc., and F&S Power, LLC (collectively, Caithness defendants) seeking common-law indemnification claim against it, and granted FMP’s cross motion for summary judgment dismissing the contractual Indemnification claim to the extent any recovery by plaintiff exceeds a $1 million insurance policy limit, unanimously modified, on the law, plaintiffs cross motion for summary judgment on his Labor Law § 241 (6) claim denied, FMP’s cross motion for summary judgment dismissing the claim for contractual indemnification granted except to the extent any recovery by plaintiff exceeds $1 million, and otherwise affirmed, without costs.
Plaintiffs cross motion for partial summary judgment on his claim pursuant to Labor Law § 240 (1) was properly granted. Plaintiff established that his injuries were caused, at least in *577 part, by the absence of proper protection required by the statute. The evidence demonstrates that plaintiff, a welder who was working at a power plant that was being constructed, was struck on the head by a pipe that fell from a height of approximately 85 to 120 feet as a result of a gap in a toeboard installed along a grated walkway near the top of a generator in the power plant (see Fabrizi v 1095 Ave. of the Ams., L.L.C., 98 AD3d 864, 864-865 [1st Dept 2012]; Zuluaga v P.P.C. Constr., LLC, 45 AD3d 479 [1st Dept 2007]). It is undisputed that there was no netting to prevent objects from falling on workers and contrary to defendants’ contention, plaintiff is not required to show exactly how the pipe fell, since, under any of the proffered theories, the lack of protective devices was the proximate cause of his injuries (see Augustyn v City of New York, 95 AD3d 683 [1st Dept 2012]). Nor is plaintiff required to show that the pipe was being hoisted or secured when it fell, since that is not a precondition to liability pursuant to Labor Law § 240 (1) (see Quattrocchi v F.J. Sciame Constr. Corp., 11 NY3d 757 [2008]; Vargas v City of New York, 59 AD3d 261 [1st Dept 2009]).
In opposition, defendants failed to raise a triable issue of fact since they failed to show that adequate protective devices required by Labor Law § 240 (1) were employed at the site. That plaintiff was wearing a welding hood but not a hard hat does not raise an issue of fact since “[a] hard hat is not the type of safety device enumerated in Labor Law § 240 (1) to be constructed, placed and operated, so as to give proper protection from extraordinary elevation-related risks to a construction worker” (Singh v 49 E. 96 Realty Corp., 291 AD2d 216 [1st Dept 2002]).
However, plaintiffs cross motion for partial summary judgment on his Labor Law § 241 (6) claim should have been denied in its entirety, since there are issues of fact as to whether plaintiffs comparative negligence constitutes a valid defense to this claim (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 350 [1998]; Spages v Gary Null Assoc., Inc., 14 AD3d 425, 426 [1st Dept 2005]). Although plaintiff testified that a hard hat would not fit over his welding hood, the site safety manager testified to the contrary. The safety manager further testified that the use of fiber metal hard hats was mandatory, and that such hats were available on the site, raising an issue of fact.
Third-party defendant FMP’s cross motion for summary judgment dismissing the claim for contractual indemnification against it should have been denied, except insofar as the claim is subject to the anti-subrogation rule. Accordingly, the order is modified to correct what appears to have been a typographical *578 error involving the omission of the word “except.” On the merits, the claim is based on a contractual provision requiring FMP to indemnify the Caithness defendants only to the extent the accident was caused by FMP’s negligence. There are triable issues of fact as to whether FMP’s negligence contributed to the accident, since plaintiffs failure to wear a hard hat can be imputed to FMP, his employer, for purposes of contractual indemnity (see Schaefer v RCP Assoc., 232 AD2d 286 [1st Dept 1996]; see also Guiga v JLS Constr. Co., 255 AD2d 244 [1st Dept 1998]).
We have considered defendants’ remaining contentions and find them unavailing. Concur — Gonzalez, PJ., Sweeny, Renwick, Manzanet-Daniels and Román, JJ. [Prior Case History: 2012 NY Slip Op 30854(U).]