■ 492 KINGS REALTY, LLC, et al., Respondents, v 506 KINGS, LLC, et al., Respondents, and ISMAEL LEYVA ARCHITECTS, P.C., et al., Appellants. (Action No. 1.) 506 KINGS, LLC, Plaintiff, v METROTECH CONSTRUCTION OF NEW YORK CORP. et al., Defendants. (Action No. 2.) NISSIM KHALIFEH, Plaintiff, v 506 KINGS, LLC, et al., Defendants, CONCRETE STRUCTURES, INC., Respondent, and SOIL SOLUTIONS, INC., Appellant. (Action No. 3.) 492 KINGS REALTY, LLC, et al., Plaintiffs, v 506 KINGS, LLC, et al., Defendants. (Action No. 4.) [964 NYS2d 215]—

In four related actions, inter alia, to recover damages for injury to property, Ismael Leyva Architects, P.C., Domani Consulting, Inc., Goldstein Associates, Inc., and Midtown Equities, LLC, defendants in action Nos. 1 and 4, separately appeal, as limited by their briefs, from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated June 2, 2011, as denied those branches of their respective motions which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them in action No. 1, and Soil Solutions, Inc., a defendant in action Nos. 1 and 3, separately appeals, as limited by its brief, from so much of the same order as granted the motion of Concrete Structures, Inc., a defendant in action Nos. 1 and 3, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it in action Nos. 1 and 3.

Ordered that the appeal by Soil Solutions, Inc., from so much of the order as granted those branches of the motion of Concrete Structures, Inc., which were for summary judgment dismissing the complaint and the cross claims of 506 Kings, LLC, Midtown Equities, LLC, Ismael Leyva Architects, P.C., Goldstein Associates, Inc., SDG Engineering, Inc., Domani Consulting, Inc., and Metrotech of New York Corp. insofar asserted against it in action No. 1 and for summary judgment dismissing the complaint and the cross claim of 506 Kings, LLC, insofar as asserted against it in action No. 3, is dismissed, as Soil Solutions, Inc., is not aggrieved by those portions of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157 [2010]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the respective motions of the defendants Ismael Leyva Architects, P.C., Domani Consulting, Inc., and Goldstein Associates, Inc., which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against them in action No. 1, and substituting therefore a provision granting those branches of the respective motions; as so modified, the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the appellants Ismael Leyva Architects, P.C., and Goldstein Associates, Inc., payable by the respondents 492 Kings Realty, LLC, Kosher

Corner Supermarkets, and SDG Engineering, Inc., appearing separately and filing separate briefs, one bill of costs is awarded to the appellant Domani Consulting, Inc., payable by the respondents 492 Kings Realty, LLC, and Kosher Corner Supermarkets, one bill of costs is awarded to the respondent Concrete Structures, Inc., payable by the appellant Soil Solutions, Inc., and one bill of costs is awarded to the respondents 492 Kings Realty, LLC, Kosher Corner Supermarkets, and SDG Engineering, Inc., appearing separately and filing separate briefs, payable by the appellant Midtown Equities, LLC.

The building on Kings Highway in Brooklyn that is the subject of these actions is owned by 492 Kings Realty, LLC (hereinafter 492 Kings), and leased to Kosher Corner Supermarket, Inc. (hereinafter Kosher Corner). In or about 2006, adjoining property owner 506 Kings, LLC (hereinafter 506 Kings), in preparation for the construction of a building on its property, hired the defendant SDG Engineering, Inc. (hereinafter SDG), to design the underpinning and shoring intended to protect the surrounding properties, and hired the defendant Metrotech of New York Corp. (hereinafter Metrotech) to perform the underpinning work. In September 2006, the building owned by 492 Kings partially collapsed.

In an investigative report, SDG's principal, Stuart D. Gold, P.E., stated that the underpinning plans had called for 24-inch thick underpins, and that an examination of the unearthed underpins disclosed that they ranged in thickness from 16 to 24 inches. Gold further stated that torrential rains had occurred on the day of the collapse. Gold's report concluded that the mode of failure was sliding due to a combination of soil liquefaction and underpin thickness smaller than 24 inches.

Four actions arose out of the collapse. Kosher Corner and 492 Kings (hereinafter together the plaintiffs) commenced Action No. 1, inter alia, to recover for damage to property against 506 Kings, SDG, Metrotech, Midtown Equities, LLC (hereinafter Midtown), the alleged project manager for the construction project, Ismael Leyva Architects, P.C. (hereinafter ILA), the architect for the new building, Goldstein Associates, Inc. (hereinafter Goldstein), the structural engineer for the new building, Domani Consulting, Inc. (hereinafter Domani), a contractor hired to, among other things, monitor concrete strength, Soil Solutions, Inc. (hereinafter SSI), an excavator, and Concrete Structures, Inc. (hereinafter CSI), a concrete contractor. Nissim Khalifeh, an employee of Kosher Corner, commenced action No. 3 against 506 Kings, CSI, SSI, and others to recover damages for personal injuries he allegedly sustained as a result of the collapse. Action Nos. 2 and 4 are not at issue on this appeal.

The Supreme Court should have granted those branches of the respective motions of ILA and Goldstein which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against them in action No. 1. " '[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party' " (*Stiver v Good & Fair Carting & Moving, Inc.*, 9 NY3d 253, 257 [2007], quoting *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]; *see Church v Callanan Indus.*, 99 NY2d 104, 111 [2002]). In support of its motion, ILA tendered its contract proposal, its schematic drawings, and the affidavit of its project architect, which demonstrated that the plaintiffs were not a party to the agreement and that ILA was not retained for, nor did it provide, any services related to the methods utilized to protect the plaintiffs' property. In support of its motion, Goldstein submitted, inter alia, its contract proposal, a complete set of drawings, and the affidavit of its principal Michael Guilfoyle, P.E. According to Guilfoyle, although Goldstein's schematic underpinning detail suggested the installation of certain underpinning in connection with the project, the "detail was intended to alert the contractor that underpinning will probably be necessary" and "was clearly not intended to be utilized as a construction drawing." Goldstein also submitted the deposition testimony of Stuart Gold, the principal of SDG, who described Goldstein's underpinning detail as "generic" and "boilerplate," and acknowledged that, with the limited exception of determining the depth and location of the basement and foundation of the new building, SDG did not rely upon Goldstein's drawings in connection with the underpinning. Such proof sufficiently demonstrated, prima facie, that ILA and Goldstein, in the performance of their contractual obligations, did not launch a force or instrument of harm by creating or exacerbating a dangerous condition (*see Espinal v Melville Snow Contrs.*, 98 NY2d at 139-142; *Mathey v Metropolitan Transp. Auth.*, 95 AD3d 842, 844 [2012]; *Martin v Huang*, 85 AD3d 1132, 1133 [2011]; *Davies v Ferentini*, 79 AD3d 528, 530 [2010]). In opposition, the plaintiffs and SDG failed to raise a triable issue of fact as to whether ILA or Goldstein owed a duty of care or assumed such a duty. To the extent ILA reviewed SDG's drawings, there is no evidence that this review made the underpinning less safe than it was beforehand (*see Stiver v Good & Fair Carting & Moving, Inc.*, 9 NY3d at 257; *Fecht v City of New York*, 244 AD2d 315, 315-316 [1997]).

The Supreme Court also should have granted those branches of Domani's motion which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against

it in action No. 1. In support of its motion, Domani tendered proof demonstrating that any allegedly negligent work it performed was not a proximate cause of the plaintiffs' injuries (*see Lisi v Coco*, 31 AD3d 615, 616 [2006]; *Mohammed v Islip Food Corp.*, 24 AD3d 634, 637 [2005]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Contrary to SSI's contention, the Supreme Court properly granted those branches of CSI's motion which were for summary judgment dismissing SSI's cross claims against it for indemnification and contribution in action Nos. 1 and 3. CSI demonstrated, prima facie, that the work it performed did not cause or contribute to the happening of the accident (*see Lisi v Coco*, 31 AD3d at 616; *Mohammed v Islip Food Corp.*, 24 AD3d at 637). SSI's contention that the affidavit of CSI's expert should not have been considered because of CSI's failure to timely disclose the identity of the expert is not properly before this Court, as the contention is raised for the first time on appeal (*see Kung v Zheng*, 73 AD3d 862, 863 [2010]). In opposition, SSI failed to raise a triable issue of fact.

The Supreme Court properly denied those branches of Midtown's motion which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against it in action No. 1. In opposition to Midtown's prima facie showing that it did not owe any duty to the plaintiffs, the evidence submitted in opposition to the motion raised a triable issue of fact as to whether Midtown, which had "an ownership interest" in 506 Kings, exerted sufficient control over the project so as to subject it to strict liability pursuant to former Administrative Code of the City of New York § 27-1031 (b) (1), which provides that the "person who causes" an excavation that is carried to a depth of more than 10 feet below the legally established curb level preserve and protect from injury any adjoining structures at his or her own expense (*see Yenem Corp. v 281 Broadway Holdings*, 18 NY3d 481, 486 [2012]; *Coronet Props. Co. v L/M Second Ave.*, 166 AD2d 242, 243 [1990]).

The parties' remaining contentions are either without merit or not properly before this Court. Mastro, J.P., Rivera, Dickerson and Lott, JJ., concur.