■ JAMES E. LONG et al., Respondents, v JOHN W. DANFORTH COMPANY, Respondent, and VISONE CONSTRUCTION CO., INC., Appellant, et al., Defendants. [653 NYS2d 772] —Appeal from order insofar as it denied reargument dismissed (*see, Empire Ins. Co. v Food City,* 167 AD2d 983, 984) and order reversed on the law without costs, cross motion granted and complaint against defendant Visone Construction Co., Inc., dismissed. Memorandum: Supreme Court erred in denying the cross motion of defendant Visone Construction Co., Inc. (Visone), for summary judgment dismissing the complaint. Visone, a subcontractor with no authority to supervise or control the work, is not liable pursuant to Labor Law § 240 (1) or § 241 (6) (*see, Russin v Picciano & Son,* 54 NY2d 311, 318; *Wright v Nichter Constr. Co.,* 213 AD2d 995, 995-996). Because Visone did not exercise control over the manner and method of plaintiff James E. Long's work, there is no basis for the imposition of liability pursuant to Labor Law § 200 (*see, Adamczyk v Hillview Estates Dev. Corp.,* 226 AD2d 1049); *Foster v Joseph Co.,* 216 AD2d 944, 945). Because Visone did not assume, either by contract or otherwise, a continuing duty to inspect the work site, it cannot be held liable under a common-law negligence theory for injuries sustained by an employee of the owner four months after Visone had completed its work and left the work site.

All concur, Wesley, J., not participating. (Appeal from Order of Supreme Court, Erie County, Sconiers, J.—Summary Judgment.) Present—Denman, P. J., Pine, Wesley, Doerr and Balio, JJ.