■ MANUEL VAZQUEZ et al., Plaintiffs, v SEA-LAND SERVICE, INC., Defendant and Third-Party Plaintiff-Appellant, et al., Defendants. CITY OF NEW YORK, Third-Party Defendant-

Respondent, et al., Third-Party Defendants. [654 NYS2d 15] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered on or about August 28, 1996, which dismissed the third-party action against the City of New York and any other claim asserted against the City, unanimously affirmed, without costs.

Since the third-party complaint never alleged that the City had notice of a supposedly dangerous traffic condition at the accident site, namely, the protrusion of trailers from a loading dock on to the public roadway, the City was not under any obligation to implement a plan to change traffic conditions at that site (*see, Friedman v State of New York*, 67 NY2d 271, 283-284). To the extent that third-party plaintiff is arguing that the City, as owner of the loading dock facility, was at fault for designing the docks such that trailers would be positioned perpendicularly and protruding on to the street, the IAS Court properly noted that the City "has no involvement in directing operations at the [facility] nor directing how vehicles park within the confines of the market". Finally, we note that although third-party plaintiff alleged that the City was negligent in failing to set out "warning, signs or signals", it never explained how the absence of such devices could have been a substantial cause of the collision that occurred here, given that plaintiff driver claims to have been unable to see the 40 foot long protruding trailer involved in the accident at issue (*see, Frank v City of New York*, 163 AD2d 254). Concur—Sullivan, J. P., Rosenberger, Mazzarelli and Andrias, JJ.