■ EDMUND J. CANNISTRA et al., Respondents, v McCULLOUGH, GOLDBERGER & STAUDT, et al., Appellants, et al., Defendant. [691 NYS2d 347] —In an action to recover damages for legal malpractice, (1) the defendants McCullough, Goldberger & Staudt, formerly known as Taylor, McCullough, Goldberger, Geoghegan & Friedman, Frank S. McCullough, Jr., Charles S. Goldberger, John A. Geoghegan, James Staudt, and S. William Friedman appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), dated October 20, 1998, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them, and (2) the defendants O'Connor, McGuinness, Conte, Doyle, Oleson & Collins, Rocco Conte, Dennis T. Doyle, William S. Oleson, J. Peter Collins, Richard C. Oleson, Dennis L. O'Connor, Jr., William R. Watson, and Kevin M. Loftus appeal, as limited by their brief, from so much of the same order as denied their motion for partial summary judgment dismissing the first and second causes of action insofar as asserted against them.

Ordered that the order is modified by deleting the provisions which denied those branches of the appellants' respective motions which were for summary judgment dismissing the second cause of action insofar as asserted against them, and substituting therefor provisions granting those branches of the appellants' motions, and the second cause of action is dismissed; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly denied those branches of the appellants' respective motions which were for summary judgment dismissing the first, third, and fourth causes of action insofar as asserted against them, since questions of fact exist. The Supreme Court erred, however, in denying those branches of the respective motions which were to dismiss the second cause of action, which alleges that the appellants failed to properly prosecute the action as against the Town of Putnam for the underlying accident. Contrary to the plaintiffs' contention, under the circumstances presented, they did not have a meritorious claim against the Town (*see, Vazquez v Sea-Land Serv.,* 236 AD2d 321; *Zasso v Maher,* 226 AD2d 366; *Ossmer v Bates,* 97 AD2d 871). S. Miller, J. P., Goldstein, Feuerstein and Smith, JJ., concur.