Mildred Peluso, Respondent, v ERM et al., Appellants.
[881 NYS2d 489]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (LaMarca, J.), dated September 29, 2008, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly was injured when she tripped and fell on rocks that had accumulated on her employer's asphalt parking lot. Prior to the accident, her employer had retained the defendants to perform work on its property, which included excavating portions of the parking lot. Under their contract with the plaintiff's employer, the defendants were required to backfill the excavated areas with recycled concrete aggregate and tamp it down, but were not responsible for repaving the parking lot after their work was completed. A representative of the plaintiff's employer informed the defendants' principal that the employer intended to repave the parking lot after the defendants' work was completed. Approximately two months before the plaintiff's accident, the defendants completed their work to the satisfaction of the plaintiff's employer, but, as of the date of the accident, the employer had not repaved the parking lot. According to the plaintiff, gravel, dirt, and rock, including the material on which she tripped, had become loose as vehicles drove over the backfilled areas, and the condition of the parking lot had worsened with the passage of time.

The defendants made a prima facie showing of their entitlement to judgment as a matter of law by demonstrating that they owed no duty of care to the plaintiff (see Espinal v Melville Snow Contrs., 98 NY2d 136 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendants created the alleged hazardous condition (id. at 141-143). There

is no evidence that the defendants breached their contractual obligation to backfill the excavated areas, or that they assumed a continuing duty to return to the premises after completing their work and remedy any defects that eventually developed there (*see Horowitz v Marel Elec. Servs.*, 271 AD2d 572 [2000]; *Long v Danforth Co.*, 236 AD2d 781 [1997]). "As such, it cannot be said that [the defendants] affirmatively created a dangerous condition" (*Morriseau v Rifenburg Constr.*, 223 AD2d 981, 982 [1996]).

Moreover, "[a] builder or contractor is justified in relying upon the plans and specifications which he has contracted to follow unless they are so apparently defective that an ordinary builder of ordinary prudence would be put upon notice that the work was dangerous and likely to cause injury" (*Ryan v Feeney & Sheehan Bldg. Co.*, 239 NY 43, 46 [1924]; *see Hartofil v McCourt & Trudden Funeral Home, Inc.*, 57 AD3d 943, 945 [2008]; *Gee v City of New York*, 304 AD2d 615, 616 [2003]). Here, the defendants justifiably relied upon the contractual specifications, which required only that they backfill the excavated areas and tamp them down. It was not apparent that those specifications were defective, since the defendants reasonably believed that the employer would repave the parking lot after their work was completed, thereby eliminating any dangerous condition likely to cause injury. Prudenti, P.J., Fisher, Miller and Lott, JJ., concur.