■ Andrzej Sakai-Figurny, Respondent, v Irastan, LLC, et al., Respondents, and Strober Building Supply, Inc., Appellant. [888 NYS2d 753]—

In an action to recover damages for personal injuries, the defendant Strober Building Supply, Inc., appeals from an order of the Supreme Court, Queens County (Taylor, J.), entered July 22, 2008, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs, and the motion of the defendant Strober Building Supply, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

On October 7, 2004, the plaintiff allegedly sustained injuries while performing construction on a two-family home in Little Neck, Queens. The plaintiff was carrying wood up a dirt slope leading to the front door when he slipped on the dirt. He was allegedly injured when his leg came into contact with a bundle of lumber that had been left at the foot of the slope, and which allegedly obstructed part of it. He commenced this action against the owner of the house, the general contractor, and the company that had supplied and delivered the lumber, Strober Building Supply, Inc. (hereinafter Strober), alleging negligence and violation of Labor Law § 240 (1) and § 241 (6). Strober moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court denied the motion. We reverse.

Strober met its initial burden of establishing that it was not an owner, contractor, or agent covered under the provisions of Labor Law § 240 (1) or § 241 (6). Moreover, Strober established that its placement of the lumber at the bottom of the slope in response to the contractor's direction did not launch a force or

instrument of harm for which it may be held liable in tort (*see* *Espinal v Melville Snow Contrs.,* 98 NY2d 136, 140 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact (*see* *Cimino v City of White Plains,* 65 AD3d 1069 [2009]; *Peluso v ERM,* 63 AD3d 1025, 1025-1026 [2009]). Accordingly, Strober's motion for summary judgment should have been granted. Fisher, J.P., Angiolillo, Eng and Lott, JJ., concur.