■ Felix Rios et al., Appellants, v Gristedes Delivery Service Inc. et al., Defendants, and Premier Caring of New York, Respondent. [893 NYS2d 538]—

"Where the evidence as to the cause of the accident which injured plaintiff is undisputed, the question as to whether any act or omission of the defendant was a proximate cause thereof is one for the court and not for the jury" (*Rivera v City of New*

*York*, 11 NY2d 856, 857 [1962]; *Lee v New York City Hous. Auth.*, 25 AD3d 214 [2005], *lv denied* 6 NY3d 708 [2006]). Here, the evidence shows that plaintiff's injury was caused by his decision to climb into a smaller dumpster that was elevated and resting on a forklift's blades in order to grab bags of garbage and place them into a larger dumpster owned and serviced by defendant Premier Carting. That the larger dumpster had a gate that would have made the elevation unnecessary, but was rendered inaccessible by the placement of that dumpster against a storage container, did not create liability on defendant's part, especially in light of the uncontradicted testimony of Premier Carting's president that it did not determine the location of its dumpster, but rather that it was dictated by an employee of the property owner (*see Baker v Sportservice Corp.*, 142 AD2d 991, 992 [1988]; *see also Vazquez v Sea-Land Serv.*, 236 AD2d 321 [1997]). Furthermore, plaintiffs failed to demonstrate that any circumstances exist under which Premier Carting, a contractor, owed a duty of care to them (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136 [2002]; *Sakai-Figurny v Irastan, LLC*, 67 AD3d 985 [2009]). Concur—Gonzalez, P.J., Tom, Sweeny, Catterson and Abdus-Salaam, JJ.