■ CELESTINA AGOSTO, Respondent, v 30TH PLACE HOLDING, LLC, et al., Defendants, and A.R. EQUIPMENT, LLC, Appellant. [901 NYS2d 593]—

Order, Supreme Court, Bronx County (Nelson S. Román, J.), entered June 3, 2009, which denied defendant-appellant's motion for summary judgment dismissing the complaint and all cross claims as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter a judgment dismissing the complaint as against defendant A.R. Equipment, LLC.

Plaintiff claims she was injured when she tripped and fell on the lobby floor in the building where she worked. Six weeks before the accident, defendant building owner had retained defendant-appellant (herein defendant) to remove the tiles from the lobby floor. Under the contract, defendant was required only to remove the tiles from the floor and was not responsible for refinishing the floor. In support of its motion for summary judgment, defendant showed that it completed the job in three days, its invoice was approved and paid by the building owner, it had no contractual obligation to return to the premises and never did, and that the building owner was in the process of having the floor replaced when plaintiff tripped on a still unfinished section. This sufficed to show, prima facie, that defendant owed no duty of care to plaintiff, and accordingly was entitled to summary judgment (see Church v Callanan Indus., 99 NY2d 104, 110-112 [2002]). In opposition, plaintiff failed to adduce evidence tending to show that defendant failed to

exercise due care in performing its contract with the building owner (*see id.* at 111; *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 141-143 [2002]). While it appears that defendant, six weeks earlier, had exposed the concrete section of floor on which plaintiff fell, the creation of that allegedly dangerous condition was precisely what was called for in defendant's contract. Under the circumstances, defendant cannot be said to have created an unreasonable risk of harm to plaintiff (*see Peluso v ERM*, 63 AD3d 1025 [2009]; *Wyant v Professional Furnishing & Equip., Inc.*, 31 AD3d 952 [2006]). Concur—Saxe, J.P., Friedman, Nardelli, Freedman and Abdus-Salaam, JJ.