■ THOMAS DAVIES et al., Appellants, v PETER FERENTINI et al., Defendants, and HOME DEPOT U.S.A., Inc., et al., Respondents. [914 NYS2d 17]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered February 5, 2010, which, to the extent appealed from, as limited by the briefs, granted the motions of defendants Home Depot U.S.A., Inc., RIV Construction Group, Inc., John Meyer Consulting, Planning, Engineering, Landscape Architecture and Land Surveying, P.C., Shawn's Lawns, Inc. and Eastview Holdings LLC for summary judgment dismissing the complaint and all cross claims as against them, unanimously affirmed, without costs.

In this personal injury action which arose out of a motor vehicle accident at an intersection on Route 9A, a New York State

arterial highway, and a temporary access road to the construction site for a Home Depot store, plaintiffs have failed to submit competent evidence to raise triable issues of fact as to whether defendants-respondents created an unsafe condition which was a proximate cause of plaintiffs' injuries. Plaintiffs allege that defendants-respondents were negligent in failing to install a type I end assembly box beam guide rail to the blunt ends of the guide rail after the guide rail was cut in order to allow temporary access to the construction site. Instead, type II end assemblies were installed. According to plaintiffs, type I end assemblies would have prevented plaintiffs' vehicle from flipping over and landing on its roof. It is undisputed that the guide rail at issue is located on a right-of-way owned by New York State and that the New York State Department of Transportation (DOT) is the agency vested with the authority to control the right-of-way.

Plaintiffs' sole remaining claim against Home Depot, which was constructing a store on land abutting the State's right-of-way, is that Home Depot proposed the use of the type II end assemblies. Plaintiffs rely on the deposition testimony of nonparty witness Kenneth Franco, a permit inspector at the DOT, that Home Depot proposed the installation of type II end assemblies. Although at one point, Franco's testimony is ambiguous, when read as a whole, he continuously stated that the engineer on the Home Depot project, defendant-respondent JMC, suggested the type II end assemblies. As plaintiffs submitted no other evidence in support of their claim that Home Depot participated in the decision-making process concerning the type II end assemblies, the motion court properly granted Home Depot's motion for summary judgment dismissing the complaint as against it (*see Estate of Hamzavi v Dewberry-Goodkind, Inc.*, 24 AD3d 184 [2005], *lv denied* 7 NY3d 704 [2006]).

Defendant-respondent Shawn's Lawns was hired by defendant-respondent RIV, the general contractor on the Home Depot construction site, to perform site excavation work. As part of its work, it was directed to cut the guide rail. Cutting the guide rail was done pursuant to sketches provided by the DOT, and plaintiffs submitted no evidence to refute this claim. Moreover, Shawn's Lawns had no role in the selection of the type II end assemblies. The fact that the DOT selected the type II end assemblies and approved of their installation was confirmed by the deposition testimony of Shawn's Lawns' president, JMC's project manager, RIV's supervisor of construction, and two nonparty employees of the DOT.

Since Shawn's Lawns' work was performed pursuant to the

DOT's sketches and it was ultimately confirmed that the type II end assemblies were properly installed pursuant to the DOT's specifications, Shawn's Lawns fulfilled its contract and did not launch a force or instrument of harm (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136 [2002]; *Luby v Rotterdam Sq., L.P.*, 47 AD3d 1053 [2008]). Accordingly, the motion court properly granted Shawn's Lawns motion for summary judgment dismissing the complaint and all cross claims as against it.

Defendant-respondent JMC entered into a limited written contract with Home Depot to provide engineering consulting services and to serve as a facilitator to obtain the necessary permits for the Home Depot construction project. Plaintiffs claim that JMC proposed the type II end assemblies in sketches it provided to the DOT and that the deposition testimony of Franco of the DOT creates an issue of fact as to whether it was JMC who proposed the type II end assemblies and not the DOT as claimed by several other witnesses, including two other employees of the DOT. With regard to the threshold issue as to whether JMC owed a duty to plaintiffs, and applying the *Espinal* factors, the actions of JMC, in providing construction drawings calling for the installation of the type II end assemblies pursuant to the DOT's directives, review, inspection and approval, do not rise to the requisite standard of creating a dangerous condition so as to be deemed to have launched a force or instrument of harm (*see Church v Callanan Indus.*, 99 NY2d 104 [2002]).

Assuming arguendo that Franco's unsubstantiated statement, that it was his understanding that JMC recommended the use of type II end assemblies, was sufficient to raise a triable issue of fact that JMC initially proposed the use of type II end assemblies in drawings submitted to the DOT, the DOT still had the ultimate responsibility for approving the use of and installation of the type II end assemblies and could have overridden JMC's suggestion. Thus, since JMC had no control over the type of end assemblies that would ultimately be installed, JMC is not liable to the plaintiffs (*see Estate of Hamzavi*, 24 AD3d 184). Accordingly, the motion court properly granted JMC's motion for summary judgment dismissing the complaint and all cross claims as against it.

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Sweeny, J.P., Moskowitz, Renwick, DeGrasse and Román, JJ. [**Prior Case History: 2010 NY Slip Op 30263(U).**]