Order, Supreme Court, New York County (Barbara Jaffe, J.), entered November 7, 2011, which, to the extent appealed from, granted third-party defendant Safeway Construction Enterprises, Inc.’s motion for summary judgment dismissing the complaint and the third-party complaint as against it, unanimously affirmed, without costs.
Pursuant to a contract with Con Ed, Safeway performed excavation, conduit installation, and backfilling at an intersection where, a few days later, plaintiff allegedly was injured when the front wheel of her scooter fell into a trench in the roadway. The contract called for Safeway to leave the trench IV2 inches below grade; the Con Ed construction representative who oversaw Safeway’s work testified that Safeway restored the trench to a depth of IV2 inches below grade. In opposition to this prima facie showing that Safeway did precisely what it was obligated to do under the contract, Con Ed failed to raise an issue of fact whether Safeway performed its contractual obligations negligently and created an unreasonable risk of harm to plaintiff, for whose injuries it could be held liable (see Espinal v Melville Snow Contrs., 98 NY2d 136 [2002]; Agosto v 30th Place Holding, LLC, 73 AD3d 492, 493 [1st Dept 2010]). We reject Con Ed’s contention that Safeway owed plaintiff a duty pursuant to general negligence principles (see Espinal, 98 NY2d at 140).
Contrary to Con Ed’s contention, no issue of fact exists whether Safeway breached its contractual duty to “protect and maintain” the 1 ^-inch-deep trench for five days after completing its work by failing to place cones or barricades in the vicinity. Pursuant to article 7.6 of Con Ed’s “Trenching Manual,” Safeway was “responsible for maintaining excavations and *562 plates for a period of five working days from the date excavations are available for use by others.” However, as defined in article 21 of Con Ed’s “Standard Terms and Conditions of Construction Contracts,” “maintenance” means keeping the work site “neat, orderly and workmanlike” so as not to interfere with the progress of work performed there; the definition does not refer to the safety of the general public. Concur — Tom, J.E, Saxe, Richter, Abdus-Salaam and Feinman, JJ.