■ NORMA INGLETON et al., Respondents, v BROOKS SHOPPING CENTERS, L.L.C., et al., Respondents, et al., Defendants, and ECI CONTRACTING, INC., Appellant. (And a Third-Party Action.) [997 NYS2d 10]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered May 14, 2013, which, inter alia, denied the motion of defendant ECI Contracting, Inc. (ECI) for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

ECI's motion was properly denied in this action where plaintiff Norma Ingleton alleges that she was injured after falling on a staircase constructed by ECI. Although a contractual obligation does not generally give rise to tort liability in favor of

a third party such as plaintiff, a contractor is potentially liable in tort to third persons when the contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 139-141 [2002]; *Powell v HIS Contrs., Inc.*, 75 AD3d 463, 464 [1st Dept 2010]). Here, ECI failed to proffer sufficient evidence showing that the staircase was properly constructed or inspected in a reasonable and prudent manner prior to the accident (*see Prenderville v International Serv. Sys., Inc.*, 10 AD3d 334, 337-338 [1st Dept 2004]; *compare Agosto v 30th Place Holding, LLC*, 73 AD3d 492 [1st Dept 2010]).

We have considered ECI's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Acosta, Degrasse and Clark, JJ.