■ ERNEST REECE, as Administrator of the Estate of ARTHUR WILLIAM REECE, Deceased, Respondent, v J.D. POSILLICO, INC., Appellant, et al., Defendants. (And a Third-Party Action.) [14 NYS3d 907]—In a consolidated action, inter alia, to recover damages for wrongful death, etc., the defendant J.D. Posillico, Inc., appeals from an order of the Supreme Court, Suffolk County (Farneti, J.), dated January 7, 2014, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant J.D. Posillico, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

"Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party" (*Cioffi v Klein*, 119 AD3d 886, 888 [2014]; *see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]). The Court of Appeals has recognized three exceptions to this general rule: (1) where the contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm, (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties, and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely (*see Espinal v Melville Snow Contrs.*, 98 NY2d at 140). Here, the defendant

J.D. Posillico, Inc. (hereinafter Posillico), met its initial burden of establishing its entitlement to judgment as a matter of law dismissing the complaint and all cross claims insofar as asserted against it by demonstrating, prima facie, that none of the exceptions were applicable as against it in this case (*see Davies v Ferentini*, 79 AD3d 528, 529-530 [2010]; *Sakai-Figurny v Irastan, LLC*, 67 AD3d 985 [2009]). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted Posillico's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Mastro, J.P., Chambers, Maltese and Duffy, JJ., concur.