# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1262**
**CA 15-00023**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

CHANDRA M. HEWITT, AN INFANT, BY HER PARENT
AND NATURAL GUARDIAN, DONALD E. HEWITT, AND
DONALD E. HEWITT, INDIVIDUALLY,
PLAINTIFFS-RESPONDENTS,

V                                                MEMORANDUM AND ORDER

LIVERPOOL CENTRAL SCHOOL DISTRICT, LIVERPOOL
CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION,
NATARE CORPORATION, PATTERSON-STEVENS
AQUATECH, INC., PATTERSON-STEVENS, INC.,
DODGE CHAMBERLIN LUZINE WEBER ASSOCIATES
ARCHITECTS, LLP, BBL CONSTRUCTION SERVICES, LLC,
FORMERLY KNOWN AS BARRY, BETTE & LED DUKE, INC.,
BETTE & CRING, LLC, FORMERLY KNOWN AS BARRY,
BETTE & LED DUKE, INC., DEFENDANTS-RESPONDENTS,
KLEPPER, HAHN & HYATT, ENGINEERS AND LANDSCAPE
ARCHITECT, P.C., DEFENDANT-APPELLANT,
ET AL., DEFENDANTS.

---

SUGARMAN LAW FIRM, LLP, SYRACUSE (JENNA W. KLUCSIK OF COUNSEL), FOR
DEFENDANT-APPELLANT.

GREENE & REID, PLLC, SYRACUSE (JAMES T. SNYDER OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (DONALD S. DIBENEDETTO OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS LIVERPOOL CENTRAL SCHOOL DISTRICT
AND LIVERPOOL CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION.

PHELAN, PHELAN & DANEK, LLP, ALBANY (TIMOTHY P. TRIPP OF COUNSEL), FOR
DEFENDANT-RESPONDENT BBL CONSTRUCTION SERVICES, LLC, FORMERLY KNOWN AS
BARRY, BETTE & LED DUKE, INC.

NAPIERSKI, VANDENBURGH, NAPIERSKI & O'CONNOR, LLP, ALBANY (SHAWN T.
NASH OF COUNSEL), FOR DEFENDANT-RESPONDENT BETTE & CRING, LLC,
FORMERLY KNOWN AS BARRY, BETTE & LED DUKE, INC.

---

Appeal from an order of the Supreme Court, Onondaga County (James
P. Murphy, J.), entered April 21, 2014. The order denied the motions
of defendant Klepper, Hahn & Hyatt, Engineers and Landscape Architect,
P.C., for summary judgment dismissing plaintiff's complaint and any
cross claims against it.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motions of defendant-appellant are granted, and the complaint and the cross claims of defendants Liverpool Central School District, Liverpool Central School District Board of Education, Natare Corporation, and Bette & Cring, LLC, formerly known as Barry, Bette & Led Duke, Inc., against it are dismissed.

Memorandum: Plaintiff Chandra M. Hewitt, by her father, and plaintiff father, individually, commenced this action seeking damages for injuries sustained by Chandra when she lacerated her wrist on strips of metal in the water collection and filtration system of a swimming pool owned and operated by defendants Liverpool Central School District and the Liverpool Central School District Board of Education (collectively, School District defendants). Plaintiffs alleged that the injuries were caused by, inter alia, the negligent design, manufacture and installation of the water collection and filtration system, and that defendant Klepper, Hahn & Hyatt, Engineers and Landscape Architect, P.C. (KHH) was liable for damages because the School District defendants had hired KHH to provide structural and mechanical engineering services during a renovation of the swimming pool. After some discovery, KHH moved for summary judgment dismissing the complaint against it pursuant to CPLR 3212 (b) and (i), and KHH moved separately pursuant to those subdivisions for summary judgment dismissing "any and all current or prospective cross claims" against it. We note that KHH did not name any specific cross claimants in that motion, but the moving papers of KHH included the answers with cross claims against it from the School District defendants, defendant Natare Corporation (Natare), and defendant Bette & Cring, LLC, formerly known as Barry, Bette & Led Duke, Inc. (Bette & Cring). Supreme Court denied KHH's motions pursuant to CPLR 3212 (f), without prejudice to renew pursuant to CPLR 3212 (b) and (i) following additional discovery. We reverse.

We conclude with respect to both motions that KHH met its initial burden pursuant to CPLR 3212 (b) by submitting evidence establishing that it was not involved in the design, manufacture or installation of the water collection and filtration system, and thus that the work KHH performed on the project "did not cause or contribute to the happening of the accident" (*Simon v Granite Bldg. 2, LLC*, 114 AD3d 749, 755; *see Davies v Ferentini*, 79 AD3d 528, 528-529). In opposition to the motions, plaintiff, the School District defendants, Natare, and Bette & Cring, failed to raise triable issues of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). We agree with KHH that the court erred in denying the motions pursuant to CPLR 3212 (f). "Although a motion for summary judgment may be opposed on the ground 'that facts essential to justify opposition may exist but cannot be stated' (CPLR 3212 [f]), 'the opposing party must make an evidentiary showing supporting [that] conclusion' " (*Preferred Capital v PBK, Inc.*, 309 AD2d 1168, 1169); "[m]ere speculation . . . is not sufficient to raise an issue of fact" (*Newman v Regent Contr. Corp.*, 31 AD3d 1133, 1135 [internal quotation marks omitted]). Here, the record establishes that KHH disclosed its project files to plaintiffs,

and plaintiffs had the opportunity to depose a KHH employee about the project.  The contention of plaintiffs and the cross claimants that further discovery may result in the disclosure of evidence that KHH was involved in the design, manufacture or installation of the water collection and filtration system is merely speculative (*see State Farm Fire & Cas. Co. v Ricci*, 96 AD3d 1571, 1574; *see generally Kirbis v LPCiminelli, Inc.*, 90 AD3d 1581, 1582-1583; *WILJEFF, LLC v United Realty Mgt. Corp.*, 82 AD3d 1616, 1617).

In light of our determination, we do not address KHH's contention that it was entitled to summary judgment pursuant to CPLR 3212 (i).

Entered:  December 31, 2015                    Frances E. Cafarell
                                               Clerk of the Court