Hodzic v M. Cary, Inc. (2022 NY Slip Op 01149)





Hodzic v M. Cary, Inc.


2022 NY Slip Op 01149


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-07256
 (Index No. 5480/12)

[*1]Nifa Hodzic, appellant, 
v
M. Cary, Inc., et al., respondents, Quality Craft Marble & Tile Stone, Inc., defendant.


Katz & Kern, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for appellant.
Nicoletti Gonson Spinner Ryan Gulino Pinter LLP (Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY [Robert M. Ortiz and Christopher Simone], of counsel), for respondent M. Cary, Inc.
Morris Duffy Alonso & Faley, New York, NY (Iryna S. Krauchanka, Kevin G. Faley, and Robert Whitbeck of counsel), for respondent Dimensional Drywall & Acoustics, LLC.
Baxter Smith & Shapiro, P.C., Hicksville, NY (Harold A. Campbell of counsel), for defendant Quality Craft Marble & Tile Stone, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered April 30, 2018. The judgment, insofar as appealed from, upon the granting of the separate applications of the defendant M. Cary, Inc., and the defendant Dimensional Drywall & Acoustics, LLC, pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against each of them, made at the close of the plaintiff's case on the issue of liability, is in favor of those defendants and against the plaintiff dismissing the complaint insofar as asserted against those defendants.
ORDERED that the judgment is affirmed insofar as appealed from, with one bill of costs to the respondents.
The defendant M. Cary, Inc. (hereinafter the general contractor), was hired as general contractor for a renovation project at a bank. The renovations included raising the floor adjacent to the bank's printer room. The general contractor hired the defendant Dimensional Drywall & Acoustics, LLC (hereinafter the subcontractor), to perform that work. The plans and specifications, which were prepared by the bank's architect, did not include raising the floor in the printer room or installing a ramp between the printer room and the floor in the adjacent room. After the work was completed there was a height differential of about 2 &frac58; inches between the floor in the printer room and the floor in the adjacent room. The plaintiff, an employee of the bank, allegedly was injured when she tripped and fell over the height differential between those floors.
In March 2012, the plaintiff commenced this action against, amongst others, the general contractor and the subcontractor (hereinafter together the defendants). Thereafter, at the close of evidence at the jury trial on the issue of liability, the defendants made separate applications pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against each of them. The Supreme Court granted the applications and entered a judgment, inter alia, dismissing the complaint insofar as asserted against the defendants. The plaintiff appeals, and we affirm.
To be awarded judgment as a matter of law pursuant to CPLR 4401, there must be "no rational process by which the fact trier could base a finding in favor of the nonmoving party" upon the evidence presented at trial (Szczerbiak v Pilat, 90 NY2d 553, 556; see Nestro v Harrison, 78 AD3d 1032, 1033). Here, the Supreme Court properly granted the defendants' applications for a directed verdict based upon the plaintiff's failure to establish that the defendants owed her a duty of care. Generally, an independent contractor owes no tort duty of care to third parties (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140). One exception to that general rule is "where . . . the contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm" (Martinelli v Dublin Deck, Inc., 198 AD3d 635, 637). Another exception to that rule is where the contracting party has "entirely displaced the other party's duty to maintain the premises safely" (Hagan v City of New York, 166 AD3d 590, 592). Contrary to the plaintiff's contention, the defendants' awareness of the height differential and failure to correct or warn of the defect did not launch a force or instrument of harm for which they may be liable (see Rosenbaum, Rosenfeld & Sonnenblick, LLP v Excalibur Group NA, LLC, 146 AD3d 489, 490). Further, "[a] builder or contractor is justified in relying upon the plans and specifications which he [or she] has contracted to follow unless they are so apparently defective that an ordinary builder of ordinary prudence would be put upon notice that the work was dangerous and likely to cause injury" (Ryan v Feeney & Sheehan Bldg. Co., 239 NY 43, 46; see Gee v City of New York, 304 AD2d 615, 616). At the trial, the plaintiff submitted no evidence that the architectural plans and specifications supplied by the bank were so clearly defective that a contractor of ordinary prudence would not have performed the work (see Ryan v Feeney & Sheehan Bldg. Co., 239 NY 43; Miller v City of New York, 100 AD3d 561; Agosto v 30th Place Holding, LLC, 73 AD3d 492; Peluso v ERM, 63 AD3d 1025; Gee v City of New York, 304 AD2d at 616).
Furthermore, the Supreme Court properly granted a directed verdict in favor of the general contractor on the plaintiff's claim that the contract between the general contractor and the bank entirely displaced the bank's duty to maintain the premises safely. Although under the contract the general contractor had safety obligations, the contract was not so comprehensive and exclusive as to displace the bank's obligation to maintain the premises in a safe condition (see Church v Callanan Indus., 99 NY2d 104, 113-114; Timmins v Tishman Constr. Corp., 9 AD3d 62, 68). Nor was the plaintiff a third-party beneficiary to the contract between the general contractor and the bank, or the subcontract between the general contractor and the subcontractor (see Vargas v Crown Container Co., Inc., 155 AD3d 989).
Accordingly, the Supreme Court properly granted the defendants' separate applications pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against each of them.
DUFFY, J.P., IANNACCI, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court