Navedo v VNO 225 W. 58th Streel LLC (2022 NY Slip Op 01272)





Navedo v VNO 225 W. 58th Streel LLC


2022 NY Slip Op 01272


Decided on March 01, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 01, 2022

Before: Gische, J.P., Oing, Kennedy, Mendez, Shulman, JJ. 


Index No. 159423/16 Appeal No. 15409 Case No. 2021-03315 

[*1]Walter Navedo et al, Plaintiffs-Respondents,
v
VNO 225 West 58th Streel LLC et al., Defendants-Respondents-Appellants, S.J. Electric, Inc., Defendant-Appellant-Respondent.
VNO 225 West 58TH Streel LLC et al., Third-Party Plaintiffs-Respondents-Appellants,
v
S.J. Electric, Inc., Third-Party Defendant-Appellant-Respondent.


Coffey Modica O'Meara LLP, White Plains (Sofya Uvaydov of counsel), for appellant-respondent.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for respondents-appellants.
Sacks and Sacks, LLP, New York (Scott N. Singer of counsel), for respondents.



Order, Supreme Court, New York County (Shlomo Hagler, J.), entered August 10, 2021, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion for summary judgment on the Labor Law § 241(6) claim, denied defendants VNO 225 West 58th Streel LLC and Lend Lease (US) Construction LMB Inc.'s motion for summary judgment dismissing the Labor Law § 241(6) claim as against them and on their third-party claim for contractual indemnification, and denied third-party defendant S.J. Electric, Inc.'s (Electric) motion for summary judgment dismissing the third-party claims for common-law indemnification, contribution, and contractual indemnification, unanimously modified, on the law, to grant Electric's motion, and otherwise affirmed, without costs.
Plaintiff Walter Navedo was electrocuted while working on the 40th floor of a building under construction. As he rose from a kneeling position in which he had been taking measurements for a curtain wall, he took hold of a safety cable that ran along the perimeter of the building. The safety cable was not designed to carry an electric charge.
Third-party defendant subcontractor Electric, which provided temporary electrical power on all floors above the 11th for use by other contractors, established prima facie that it was not negligent in connection with plaintiff's accident and therefore is not liable to defendants for common-law indemnification and contribution (see Naughton v City of New York, 94 AD3d 1, 10 [1st Dept 2012]; Trustees of Columbia Univ. v Mitchell/Giurgola Assoc., 109 AD2d 449, 454 [1st Dept 1985]). Electric submitted its foreman's testimony that it tested all of its cables and wires in the vicinity of the accident immediately after the accident happened and found no live currents and a report containing a statement confirming the test results by the electrician who performed the tests. Electric also submitted a purchase order showing that nonparty Enclos Corp., plaintiff's employer, which had been hired to install the curtain wall, had contracted with nonparty Greg Beeche Logistics, Inc. to supply the perimeter scaffolds and that Beeche was responsible for providing and maintaining the scaffolds' wires and cables.
In opposition, defendants failed to raise an issue of fact. Their contention that negligence on Electric's part cannot be ruled out because Electric was the sole provider of electrical power to the upper floors of the building is speculative (see Digirolomo v 160 Madison Ave LLC, 194 AD3d 640, 641 [1st Dept 2021]; Licata v AB Green Gansevoort, LLC, 158 AD3d 487, 490 [1st Dept 2018]; Sieling v New York Convention Ctr. Dev. Corp., 35 AD3d 227 [1st Dept 2006], lv denied 8 NY3d 812 [2007]).
Electric also established prima facie that it is not liable to defendants for contractual indemnification by showing that plaintiff's accident did not "aris[e] out of, result[] from, or occur[] in connection with" its performance of its work but arose out of Enclos's and Beeche's [*2]work (see Worth Constr. Co., Inc. v Admiral Ins. Co., 10 NY3d 411, 415-416 [2008]; Port Auth. of N.Y. & N.J. v Brickman Group Ltd., LLC, 181 AD3d 1, 13-14 [1st Dept 2019]). Defendants' contention that the accident necessarily arose out of the work of the only contractor that provided electrical power to all floors above the 11th failed to raise an issue of fact.
Plaintiffs established their entitlement to summary judgment as to defendants' liability under Labor Law § 241(6) predicated on Industrial Code (12 NYCRR) § 23-1.13(b)(3) and (4) (see Bardouille v Structure-Tone, Inc., 282 AD2d 635, 636 [2d Dept 2001]; Snowden v New York City Tr. Auth., 248 AD2d 235, 236 [1st Dept 1998]). Defendants contend that the regulations are inapplicable because they pertain to "dedicated power circuits" only, and the perimeter safety cable was not designed to carry
voltage. However, notwithstanding that the safety cable was not designed or expected to carry voltage, plaintiff's electrocution was caused by a wire designed to carry a charge.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 1, 2022