Skeete v Greyhound Lines, Inc. (2022 NY Slip Op 05511)

Skeete v Greyhound Lines, Inc.

2022 NY Slip Op 05511

Decided on October 04, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 04, 2022

Before: Gische, J.P., Friedman, Scarpulla, Rodriguez, Higgitt, JJ. 

Ind. No. 112283/09, 590576/11 Appeal No. 16322 Case No. 2021-04387 

[*1]Mustafa Skeete, Plaintiff-Respondent,
v
Greyhound Lines, Inc., Defendant-Respondent, A&L Cesspool Services Corp., Defendant-Appellant, New York City Transit Authority et al., Defendants. (And a Third-Party Action.)

Fleischner Potash LLP, New York (Jason S. Steinberg of counsel), for appellant.
Law Offices of Michael S. Lamonsoff, PLLC, New York (Stacey Haskel of counsel), for Mustafa Skeete, respondent.
Marshall Dennehey Warner Coleman & Goggin, P.C., Purchase (Steven B. Saal of counsel), for Greyhound Lines, Inc., respondent.

Order, Supreme Court, New York County (Suzanne Adams, J.), entered November 4, 2021, which, to the extent appealed from as limited by the briefs, denied defendant A&L Cesspool Services Corp.'s (A&L) motion for summary judgment dismissing the complaint against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint as against A&L.
This personal injury action stems from an accident that occurred in the basement of property owned by defendant New York City Transit Authority and leased to defendant Greyhound Lines, Inc. Greyhound contracted with defendant Laurence Well & Pump Co., Inc. to repair sewage pumps at the building, and Laurence contracted with A&L to empty the sewage tanks at the building from time to time. On the day of plaintiff's accident, an opening in a sewage tank in the basement garbage room of the building was covered by a flattened cardboard box instead of its actual metal cover, which was missing. Plaintiff, an exterminator employed by a nonparty, stepped onto the cardboard box and fell into the sewage tank. About one month prior to plaintiff's accident, an A&L employee on site to clean the sewage tank noticed the missing cover and cardboard box makeshift cover. The employee removed the cardboard, performed his work, and replaced the cardboard, all without reporting the missing cover.
Supreme Court should have granted A&L summary judgment dismissing the complaint as against it. Plaintiff was not a party to A&L's contract to clean the sewage tank. Plaintiff argues that A&L may nevertheless be liable in tort because it failed to exercise reasonable care in the performance of its contractual duties and thereby launched a force or instrument of harm (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]). However, this exception to the general rule that a contractual obligation does not give rise to tort liability to a third party is inapplicable where "the breach of contract consists merely in withholding a benefit . . . where inaction is at most a refusal to become an instrument for good" (Church v Callanan Indus., 99 NY2d 104, 112 [2002] [internal quotation marks omitted]). Thus, a defendant who neglects to make the accident site "safer — as opposed to less safe — than it was before" the defendant came upon the site is not liable pursuant to the Espinal exception (id.).
By simply replacing the cardboard box cover already in place over the sewage tank after he completed his work, A&L's employee returned the site to the condition in which he originally found it. Thus, he neglected to make the area safer, but did not affirmatively make the area less safe than it was when he first came upon it (see Ileiwat v PS Marcato El. Co., Inc., 178 AD3d 517, 519 [1st Dept 2019]; see also Sotarriba v 346 W. 17th St. LLC, 179 AD3d 599, 601-602 [1st Dept 2020]). That A&L's employee did not report the cardboard is immaterial because a third-party contractor's [*2]awareness of a condition and failure to warn does not amount to launching an instrument of harm (see Hodzic v M. Cary, Inc., 202 AD3d 1063, 1064 [2d Dept 2022]).
We decline to address Greyhound's third-party claims against A&L for common-law contribution, common-law indemnification, contractual indemnification, and failure to procure insurance, which claims Greyhound addresses in its respondent's brief and A&L defends for the first time on appeal in its reply brief. Despite having moved Supreme Court for summary judgment dismissing the complaint and all third-party claims against it and having noticed its appeal from each and every part of the court's order, A&L did not address the denial of that branch of its motion in its principal brief. Accordingly, A&L abandoned its appeal from that portion of the court's order (see e.g.
Matter of Correction Officers' Benevolent Assn. v New York City Dept. of Corr., 157 AD3d 643, 643 [1st Dept 2018]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 4, 2022