McDaniel v City of New York (2022 NY Slip Op 07157)

McDaniel v City of New York

2022 NY Slip Op 07157

Decided on December 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 15, 2022

Before: Renwick, J.P., Shulman, Rodriguez, Higgitt, JJ. 

Index No. 23557/15E Appeal No. 16904-16905 Case No. 2021-03133, 2022-02319 

[*1]Lillian McDaniel, Plaintiff-Respondent,
v
City of New York et al., Defendants, Consolidated Edison Company of New York, Inc., Defendant-Appellant, Step Mar Contracting Corp., Defendant-Respondent.
Consolidated Edison Company of New York, Inc., Third-Party Plaintiff-Appellant,
v
Step Mar Contracting Corp., Third-Party Defendant-Respondent, Tri-Messine Construction Company, Inc., Third-Party Defendant.

Kritzer Law Group, Smithtown (Karl Zamurs of counsel), for appellant.
Burns & Harris, New York (Mariel Crippen of counsel), for Lillian McDaniel, respondent.
Baxter Smith & Shapiro, P.C., Hicksville (Arthur J. Smith of counsel), for Step Mar Contracting Corp., respondent.

Order, Supreme Court, Bronx County (Adrian Armstrong, J.), entered August 12, 2021, which, to the extent appealed from as limited by the briefs, upon granting defendant/third-party defendant Step Mar Contracting Corp.'s (Step Mar) motion for summary judgment dismissing the complaint and all cross claims as against it, dismissed the complaint and defendant/third-party plaintiff Consolidated Edison Company of New York, Inc.'s (Con Edison) third-party claim for contractual indemnification as against it, unanimously modified, on the law, to reinstate Con Edison's third-party contractual indemnification claim, and otherwise affirmed, without costs.
Initially, we find that Con Edison's appeal was timely filed. Although its subsequent "amended" notice of appeal additionally referenced an order denying it summary judgment, Con Edison is not seeking appellate review of that order. Con Edison explained that it filed the amended notice of appeal so this Court would consider its arguments on Step Mar's motion, which Con Edison sets forth in its briefing on its own motion.
Supreme Court correctly granted Step Mar summary judgment dismissing the complaint as against it. Step Mar established prima facie that it did not launch a force or instrument of harm by submitting the testimony of its president that Con Edison's documents showed that Con Edison inspected and accepted Step Mar's work, which included excavation, backfill, and compaction, after its completion five years prior to the accident (see Miller v City of New York, 100 AD3d 561, 561 [1st Dept 2012]; Agosto v 30th Place Holding, LLC, 73 AD3d 492, 492 [1st Dept 2010]; see generally Espinal v Melville Snow Contrs., 98 NY2d 136, 141-142 [2002]).
In opposition, plaintiff and Con Edison failed to raise a triable issue of fact, as they did not adduce evidence showing that the defective roadway condition that caused plaintiff's injuries existed when Step Mar's work was completed, inspected, and accepted by Con Edison. Although plaintiff's expert averred that the defective condition was consistent with a failure to properly compact backfill, he did not aver that the condition could have only been caused by deficient compaction. Indeed, plaintiff's expert also attributed the defective condition to defendant/third-party defendant Tri-Messine Construction Company, Inc.'s alleged failure to seal the top pavement. Because plaintiff did not submit any evidence indicating that Step Mar's compaction was deficient, her expert's opinion was speculative and insufficient to withstand summary judgment (see Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]).
Con Edison's third-party contractual indemnification claim against Step Mar should not have been dismissed. Step Mar did not establish, as a matter of law, that plaintiff's claims did not result from and was not connected with the performance of its work, but arose solely out of Tri-Messina and Con Edison's work (cf. Worth Constr. Co., Inc. v Admiral Ins. Co[*2]., 10 NY3d 411, 416 [2008]; Navedo v VNO 225 W. 58th Street LLC, 203 AD3d 406, 408 [1st Dept 2022]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2022