Corniel v CCA Civil-Halmar Intl., LLC (2023 NY Slip Op 01886)

Corniel v CCA Civil-Halmar Intl., LLC

2023 NY Slip Op 01886

Decided on April 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LINDA CHRISTOPHER
HELEN VOUTSINAS, JJ.

2020-02586
 (Index No. 100670/15)

[*1]Elias Corniel, et al., appellants,
v
CCA Civil-Halmar International, LLC, respondent.

David J. Hernandez, Brooklyn, NY (David A. Bonilla of counsel), for appellants.
Fabiani Cohen & Hall, LLP, New York, NY (Michael P. Tobin, Allison A. Snyder, and Kevin B. Pollack of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated December 27, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff Elias Corniel (hereinafter the injured plaintiff) allegedly was injured when a motorcycle he was riding struck a flattened orange construction barrel on the Cross Bronx Expressway. The injured plaintiff was traveling eastbound in the right lane, which, due to a construction zone, had been split off from the other eastbound lanes of the expressway. The accident occurred at a point in the roadway shortly after the eastbound lanes had re-merged following the construction zone. As the injured plaintiff moved to pass a vehicle he had been following, he allegedly ran over a flattened and mangled orange construction barrel located in the roadway, causing him to be thrown from the motorcycle.
The subject construction was conducted by the defendant pursuant to a contract with the New York State Department of Transportation (hereinafter DOT) as part of the Alexander Hamilton Bridge project. The injured plaintiff, and his wife suing derivatively, commenced this action against the defendant. The defendant moved for summary judgment dismissing the complaint, arguing, among other things, that it had implemented, deployed, and maintained the work zone traffic control plan in accordance with the DOT's plans, approvals, and specifications set forth in the contract, and that, as an independent contractor, it lacked any duty to the plaintiffs. The Supreme Court granted the defendant's motion. The plaintiffs appeal.
"A builder or contractor is justified in relying upon the plans and specifications which [it] has contracted to follow" (Ryan v Feeney & Sheehan Bldg. Co., 239 NY 43, 46; see Gee v City of New York, 304 AD2d 615, 616). "A contractor that performs its work in accordance with contract plans may not be held liable unless those plans are 'so patently defective as to place a contractor of ordinary prudence on notice that the project, if completed according to the plans, is potentially dangerous'" (Nichols-Sisson v Windstar Airport Serv., Inc., 99 AD3d 770, 772, quoting West v City [*2]of Troy, 231 AD2d 825, 826; see Hodzic v M. Cary, Inc., 202 AD3d 1063, 1064).
Here, the plaintiffs alleged that the defendant failed to adhere to the contract plans and specifications in the placement and maintenance of construction barrels, and that such failures proximately caused the injured plaintiff's injuries. The evidence submitted by the defendant in support of its motion, establishing that its use of construction barrels complied with the contract and the work zone traffic control plan, and that DOT inspectors had approved the work, satisfied the defendant's prima facie burden of demonstrating that it performed its work in accordance with the contract plans and DOT specifications (see Dunham v Ketco, Inc., 135 AD3d 1032, 1034-1035; Peluso v ERM, 63 AD3d 1025, 1026; Gee v City of New York, 304 AD2d at 616).
In opposition, the plaintiffs failed to raise a triable issue of fact. There is no evidence that the defendant's use of orange construction barrels in connection with the temporary lane closure contravened the contract plans and specifications, and it is undisputed that the DOT inspected the lane closure and approved the reopening of the lane (see Peluso v ERM, 63 AD3d at 1026; Horowitz v Marel Elec. Servs., 271 AD2d 572, 573; Loconti v Creede, 169 AD2d 900, 902). As such, the conclusion of the plaintiffs' expert that the defendant's failure to adhere to the contract specifications caused or contributed to the injured plaintiff's accident was speculative and conclusory and, therefore, insufficient to raise a triable issue of fact (see Prunty v Pastula, 171 AD3d 1110, 1112; Quinn v Nigro Bros., 216 AD2d 281, 281).
Moreover, since there are no triable issues of fact as to whether the defendant created or exacerbated the dangerous condition by a failure to adhere to contract plans and specifications, the defendant did not "launch[ ] a force or instrument of harm," and therefore, owed no duty to the plaintiffs (Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [internal quotation marks omitted]; see Watt v County of Nassau, 130 AD3d 613, 614; Davies v Ferentini, 79 AD3d 528, 529-530; Luby v Rotterdam Sq., L.P., 47 AD3d 1053, 1055).
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
In light of our determination, we need not address the parties' contentions regarding whether the defendant had actual and/or constructive notice of the condition.
DUFFY, J.P., RIVERA, CHRISTOPHER and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court