Devlin v AECOM (2024 NY Slip Op 00673)

Devlin v AECOM

2024 NY Slip Op 00673

Decided on February 08, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 08, 2024

Before: Manzanet-Daniels, J.P., Kern, Friedman, O'Neill Levy, Michael, JJ. 

Index No. 152711/16 Appeal No. 1613 Case No. 2022-04526 

[*1]John Devlin et al., Plaintiffs-Appellants-Respondents,
v
AECOM, Defendant-Respondent, City University of New York et al., Defendants-Respondents-Appellants, Carved In Stone Construction, Inc., et al., Defendants.
Stalco Construction Inc., Third-Party Plaintiff-Respondent-Appellant,
v
AIM Builders Corp., Third-Party Defendant-Respondent.

The Law Offices of Darren T. Moore, P.C., New York (Darren T. Moore of counsel), and Law Office of Niall Macgiollabhui, New York (Niall Macgiollabhui of counsel), for appellants-respondents.
Law Office of Eric D. Feldman, New York (Michael J. Kozoriz of counsel), for City University of New York and Stalco Construction Inc., respondents-appellants.
BBC Law, LLP, New York (David Sasser of counsel), for Gramercy Group Inc., respondent-appellant.
Byrne & O'Neill, LLP, New York (Elaine C. Gangel of counsel), for AECOM, respondent.
Wade Clark Mulcahy, LLP, New York (Georgia Coats of counsel), for AIM Builders Corp., respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about October 3, 2022, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motions for partial summary judgment on their Labor Law §§ 240(1) and 241(6) claims against defendants City University of New York (CUNY), Stalco Construction, Inc., AECOM, and Gramercy Group, Inc., granted AECOM's motion for summary judgment dismissing plaintiffs' complaint against it, granted Gramercy's motion for summary judgment dismissing plaintiffs' Labor Law claims against it but denied Gramercy's motion as to plaintiffs' common-law negligence claim, denied CUNY and Stalco's motion for summary judgment dismissing plaintiffs' Labor Law § 241(6) claim against them and on their contractual indemnification claims against Gramercy and third-party defendant AIM Builder's Corp., unanimously modified, on the law, to grant plaintiffs' motion as to their Labor Law § 240(1) claim against CUNY and Stalco, to grant Gramercy's motion dismissing plaintiffs' common-law negligence claim and the indemnification cross-claims against it, to grant CUNY's motion for conditional contractual indemnification against AIM, and otherwise affirmed, without costs.
Plaintiff's fall through an insufficiently guarded opening in the floor of the worksite when its unsecured plywood covering shifted as he walked over it warrants summary judgment on plaintiffs' claim pursuant to Labor Law § 240(1) (see Alonzo v Safe Harbors of the Hudson Hous. Dev. Fund Co., Inc., 104 AD3d 446, 449-450 [1st Dept 2013]; Favaloro v Port Auth. of N.Y. & N.J., 191 AD3d 524, 524-525 [1st Dept 2021]). While CUNY and Stalco argue that plaintiff was the sole proximate cause of his accident, that defense is inapplicable here, since "if a statutory violation is a proximate cause of an injury, the plaintiff cannot be solely to blame for it" (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 290 [2003]; see also Kielar v Metropolitan Museum of Art, 55 AD3d 456 [1st Dept 2008]). Their argument that there was no violation in that the opening, which had no railings or other affixed barricades, was adequately protected by the sheet of plywood, is unavailing (see Alonzo, 104 AD3d at 450; Favaloro, 191 AD3d at 524-525). Similarly, their claim that an unattributed statement in plaintiff's C-3 accident report that he was lifting wood at the time of the accident implies that he intentionally removed the plywood himself does not create a question of fact (see Ging v F.J. Sciame Constr. Co., Inc., 193 AD3d 415, 417 [1st Dept 2021]). The argument that plaintiff should not have been working in that area is contradicted by the scope of his employer's contract, photographs, and his coworker's testimony. In any event, it is irrelevant and would constitute, at most, comparative negligence, which is not a defense to a Labor Law § 240(1) claim (see Mayorquin v Carriage House Owner's Corp., 202 AD3d 541, 542 [1st Dept 2022]; Hewitt v NY 70th [*2]St. LLC, 187 AD3d 574, 575 [1st Dept 2020]). Plaintiffs' Labor Law § 241(6) claim is academic in light of the grant of partial summary judgment on their Labor Law § 240(1) claim (see Malan v FSJ Realty Group II LLC, 213 AD3d 541, 542 [1st Dept 2023]).
The court correctly dismissed plaintiffs' complaint against AECOM, finding that they were not a statutory agent for Labor Law purposes and there is no evidence that they were negligent (see Hutchinson v City of New York, 18 AD3d 370, 371 [1st Dept 2005]). The court also correctly dismissed plaintiffs' Labor Law claims against Gramercy on similar grounds. Dismissal of plaintiffs' common-law negligence claim against Grammercy is also warranted. It had not been on site for weeks and its demolition contract with Stalco specifically exempted it from providing fall protection or temporary barriers. Further, it cannot be held liable merely because it created the opening into which plaintiff fell where that work was the very thing its contract obligated them to do (see e.g. Miller v City of New York, 100 AD3d 561 [1st Dept 2012]; Agosto v 30th Place Holding, LLC, 73 AD3d 492 [1st Dept 2010]).
Regarding the indemnity claim of CUNY as against AIM, conditional indemnification is warranted (see Johnson v Chelsea Grand E., LLC, 124 AD3d 542, 543 [1st Dept 2015]; Hernandez v Argo Corp., 95 AD3d 782, 783-784 [1st Dept 2012]). The indemnity clause was triggered in that the accident arose out of AIM's operations and the clause contains the requisite savings clause to avoid violation of General Obligations Law § 5-322.1. A finding of conditional contractual indemnification in favor of Stalco against AIM, however, is not warranted in that there is evidence that Stalco may have been the sole proximate cause of plaintiff's accident (see Quiroz v New York Presbyt./Columbia Univ. Med. Ctr., 202 AD3d 555, 557 [1st Dept 2022]; Pawlicki v 200 Park, L.P., 199 AD3d 578, 579 [1st Dept 2021]). The court correctly denied CUNY and Stalco summary judgment on their contractual indemnification claims against Gramercy. The indemnity clause in Gramercy's contract is triggered by negligence on Gramercy's part, of which there is none. For that same reason, the indemnification cross-claims against Gramercy fail and should be dismissed. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 8, 2024