■ Pete Zaslow, Respondent, v City of New York et al., Respondents, and Pratt Brothers, Inc., Appellant. [1 NYS3d 304]—

In an action to recover damages for personal injuries, the defendant Pratt Brothers, Inc., appeals from so much of an order of the Supreme Court, Queens County (Flug, J.), dated November 19, 2013, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the motion of the defendant Pratt Brothers, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

On August 11, 2011, the plaintiff was riding his bicycle along Northern Boulevard in Queens when he allegedly lost control of his bicycle and fell due to an uneven, raised portion of asphalt and loose gravel in the roadway. On the date of the accident, the roadway had recently been milled in preparation for planned repaving by the City of New York. The plaintiff subsequently commenced this action to recover damages for personal injuries against the City and Pratt Brothers, Inc. (hereinafter Pratt Brothers), the contractor which performed the milling work on behalf of the City. In his bill of particulars the plaintiff alleged that Pratt Brothers had negligently created the dangerous condition which caused his fall. After depositions had been conducted, Pratt Brothers moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, arguing that there was no basis for the imposition of liability because it performed its work in accordance with contract specifications and did not launch a force of harm. The Supreme Court denied Pratt Brothers' motion.

Generally, a contractual obligation standing alone will not give rise to tort liability in favor of a third party (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]). A recognized exception to this rule applies where the contractor negligently creates a dangerous condition by launching a force of harm (*see id.* at 141-142). Here, Pratt Brothers made a prima facie showing of its entitlement to judgment as a matter of law by demonstrating that it did not negligently create a dangerous condition by launching a force of harm, and thus owed no duty of care to the plaintiff. Pratt Brothers' evidentiary submissions showed that it completed its milling work on July 26, 2011, in accordance with contract specifications, that the roadway was swept

upon completion of its work, and that the City issued a final acceptance of its work as of August 4, 2011, one week before the accident. In opposition to Pratt Brothers' prima facie showing, the plaintiff and the City failed to raise an issue of fact as to whether Pratt Brothers created the dangerous condition by launching a force of harm. Accordingly, the Supreme Court should have granted Pratt Brothers' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it (see *Nichols-Sisson v Windstar Airport Serv., Inc.*, 99 AD3d 770, 772 [2012]; *Fernandez v 707, Inc.*, 85 AD3d 539, 541 [2011]; *Agosto v 30th Place Holding, LLC*, 73 AD3d 492, 493 [2010]; *Peluso v ERM*, 63 AD3d 1025, 1026 [2009]). Eng, P.J., Mastro, Roman and Miller, JJ., concur.