Amos v School 16 Assoc., L.P. (2020 NY Slip Op 07764)





Amos v School 16 Assoc., L.P.


2020 NY Slip Op 07764


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, CURRAN, TROUTMAN, AND DEJOSEPH, JJ.


781 CA 20-00017

[*1]ANNA L. AMOS, PLAINTIFF-RESPONDENT,
v
SCHOOL 16 ASSOCIATES, L.P., DEFENDANT-APPELLANT. 






WALSH, ROBERTS & GRACE LLP, BUFFALO (KEITH N. BOND OF COUNSEL), FOR DEFENDANT-APPELLANT.
CELLINO & BARNES, P.C., BUFFALO (GREGORY V. PAJAK OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Emilio L. Colaiacovo, J.), entered December 16, 2019. The order denied defendant's motion for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking to recover damages for injuries she allegedly sustained when she tripped and fell on a crack in the sidewalk adjacent to property owned by defendant. As relevant to this appeal, defendant moved for summary judgment dismissing the complaint on the ground that the defect was trivial as a matter of law. Supreme Court denied the motion, and we affirm.
"[W]hether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury" (Trincere v County of Suffolk, 90 NY2d 976, 977 [1997] [internal quotation marks omitted]; see Tesak v Marine Midland Bank, 254 AD2d 717, 717-718 [4th Dept 1998]). Where "a 'defect is so slight that no careful or prudent [person] would reasonably anticipate any danger from its existence,' and yet an accident occurs that is traceable to the defect, there is no liability" (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 81 [2015], quoting Beltz v City of Yonkers, 148 NY 67, 70 [1895]). To establish that a defect is trivial, a defendant must show "that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses" (id. at 79). Although a court determining whether a defect is trivial as a matter of law should consider the size of the defect, "a mechanistic disposition of a case based exclusively on the dimension of the sidewalk defect is unacceptable" (Trincere, 90 NY2d at 977-978). Rather, the court must consider factors such as the dimensions of the alleged defect, its appearance and elevation, and "the time, place, and circumstance of the injury" (Hutchinson, 26 NY3d at 77 [internal quotation marks omitted]; see Stein v Sarkisian Bros., Inc., 144 AD3d 1571, 1572 [4th Dept 2016]). The existence or nonexistence of a defect " 'is generally a question of fact for the jury' " (Trincere, 90 NY2d at 977).
Based on the record before us, we conclude that defendant failed to meet its burden of establishing as a matter of law that the alleged defect "was too trivial to constitute a dangerous or defective condition" (Schaaf v Pork Chop, Inc., 24 AD3d 1277, 1278 [4th Dept 2005]; see Stewart v 7-Eleven, Inc., 302 AD2d 881, 881 [4th Dept 2003]). The photographs and deposition testimony submitted by defendant in support of its motion established that plaintiff's right toe became caught in a sidewalk crack that had a height differential ranging from half an inch to one inch and which was located in the vicinity of several other cracks. Under these circumstances, [*2]we cannot say that defendant established that the defect was trivial as a matter of law (see e.g. Lupa v City of Oswego, 117 AD3d 1418, 1419 [4th Dept 2014]; Cuebas v Buffalo Motor Lodge/Best Value Inn, 55 AD3d 1361, 1362 [4th Dept 2008]; Tesak, 254 AD2d at 717-718).
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court