Morris v Buffalo Gen. Health Sys. (2022 NY Slip Op 01930)





Morris v Buffalo Gen. Health Sys.


2022 NY Slip Op 01930


Decided on March 18, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND CURRAN, JJ.


265 CA 21-00876

[*1]ANNE M. MORRIS AND ROBERT MORRIS, PLAINTIFFS-RESPONDENTS,
v
BUFFALO GENERAL HEALTH SYSTEM, DEFENDANT-APPELLANT. 






GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (ROBERT D. BARONE OF COUNSEL), FOR DEFENDANT-APPELLANT.
LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered June 7, 2021. The order denied the motion of defendant for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs
Memorandum: Plaintiffs commenced this action seeking to recover damages for injuries allegedly sustained by Anne M. Morris (plaintiff) when she tripped and fell while walking on a sidewalk near an entrance to defendant's healthcare facility. As relevant to this appeal, defendant moved for summary judgment dismissing the complaint on the ground that the alleged defect was trivial as a matter of law. Supreme Court denied the motion, defendant appeals, and we affirm.
"[W]hether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury" (Trincere v County of Suffolk, 90 NY2d 976, 977 [1997] [internal quotation marks omitted]). Some defects, however, may be considered trivial as a matter of law (see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 77 [2015]). "[T]here is no 'minimal dimension test' or per se rule that a defect must be of a certain minimum height or depth in order to be actionable" (Trincere, 90 NY2d at 977; see Hutchinson, 26 NY3d at 77), and "a mechanistic disposition of a case based exclusively on the dimension of the sidewalk defect is unacceptable" (Trincere, 90 NY2d at 977-978). In determining whether a defect is trivial, courts must consider "all the specific facts and circumstances of the case" (Hutchinson, 26 NY3d at 77), including "the width, depth, elevation, irregularity and appearance of the defect along with the 'time, place and circumstance' of the injury" (Trincere, 90 NY2d at 978). On a motion for summary judgment dismissing the complaint, the defendant has the initial burden of establishing "that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses" (Hutchinson, 26 NY3d at 79).
Here, in support of the motion, defendant submitted photographs of the alleged defect, which depict a height differential between two concrete slabs on the sidewalk, but we cannot say from inspection of the photographs that the defect was trivial (see Wiedenbeck v Lawrence, 170 AD3d 1669, 1670 [4th Dept 2019]). Defendant also submitted deposition testimony that plaintiff tripped over a one-inch height differential between the two slabs, which under the circumstances failed to establish as a matter of law that the defect was trivial (see Amos v School 16 Assoc., L.P., 189 AD3d 2100, 2101-2102 [4th Dept 2020]; Greco v City of Buffalo, 128 AD3d 1461, 1463 [4th Dept 2015]). We therefore conclude that defendant failed to meet its initial burden of establishing that the defect in the sidewalk was trivial and hence nonactionable (see Hutchinson, [*2]26 NY3d at 82-83; Amos, 189 AD3d at 2101; Aja v Richter, 175 AD3d 952, 954 [4th Dept 2019]). Inasmuch as defendant failed to meet its initial burden, we need not consider the sufficiency of plaintiffs' opposing papers (see Hutchinson, 26 NY3d at 83; Greco, 128 AD3d at 1463; Lupa v City of Oswego, 117 AD3d 1418, 1419 [4th Dept 2014]).
Entered: March 18, 2022
Ann Dillon Flynn
Clerk of the Court