Bradley v US Brownsville III Hous. Dev. Fund Corp. (2023 NY Slip Op 00982)

Bradley v US Brownsville III Hous. Dev. Fund Corp.

2023 NY Slip Op 00982

Decided on February 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LILLIAN WAN, JJ.

2020-06023
 (Index No. 508011/14)

[*1]Shantay Bradley, appellant-respondent,
v
US Brownsville III Housing Development Fund Corporation, et al., respondents, McManus Ateshoglou Aiello & Apostolakos, PLLC, etc., respondent-appellant.

Law Offices of Michael S. Lamonsoff, PLLC, New York, NY (Stacey Haskel of counsel), for appellant-respondent.
McManus Ateshoglou Aiello & Apostolakos, PLLC, New York, NY (Athanasia Apostolakos of counsel), respondent-appellant pro se.
Law Office of Daniel J. McCarey, LLC, New York, NY, for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendant McManus Ateshoglou Aiello & Apostolakos, PLLC, as temporary administrator of the estate of Fazlul Haque, incorrectly sued herein as M/S Unique Construction and Fazlul Haque, cross-appeals, from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated July 10, 2020. The order, insofar as appealed from, granted that branch of the motion of the defendants US Brownsville III Housing Development Fund Corporation and Urban Strategies, Inc., which was for summary judgment dismissing the amended complaint insofar as asserted against them. The order, insofar as cross-appealed from, denied that branch of the motion of the defendant McManus Ateshoglou Aiello & Apostolakos, PLLC, as temporary administrator of the estate of Fazlul Haque, incorrectly sued herein as M/S Unique Construction and Fazlul Haque which was for summary judgment dismissing the amended complaint insofar as asserted against it, and granted that branch of the motion of the defendants US Brownsville III Housing Development Fund Corporation and Urban Strategies, Inc., which was for summary judgment dismissing the amended complaint insofar as asserted against them.
ORDERED that the cross-appeal from so much of the order as granted that branch of the motion of the defendants US Brownsville III Housing Development Fund Corporation and Urban Strategies, Inc., which was for summary judgment dismissing the amended complaint insofar as asserted against them is dismissed, as the defendant McManus Ateshoglou Aiello & Apostolakos, PLLC, as temporary administrator of the estate of Fazlul Haque, incorrectly sued herein as M/S Unique Construction and Fazlul Haque is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed insofar as appealed from by the plaintiff and insofar as reviewed on the cross-appeal; and it is further,
ORDERED that one bill of costs is awarded to the defendants US Brownsville III Housing Development Fund Corporation and Urban Strategies, Inc., payable by the plaintiff, and one bill of costs is awarded to the plaintiff, payable by the defendant McManus Ateshoglou Aiello & Apostolakos, PLLC, as temporary administrator of the estate of Fazlul Haque, incorrectly sued herein as M/S Unique Construction and Fazlul Haque.
On May 25, 2014, a Sunday, at approximately 10:45 p.m., the plaintiff allegedly was injured as she was about to descend the outside stairs of her apartment building, when she slipped and fell on debris. The plaintiff attributed the debris to construction work performed earlier that day on the facade of the building. The plaintiff commenced this action against the owners of the building, US Brownsville III Housing Development Fund Corporation and Urban Strategies, Inc. (hereinafter together the owners). The plaintiff subsequently amended the complaint to add as defendants M/S Unique Construction (hereinafter MS), which allegedly performed the facade work on the exterior of the building, and Fazlul Haque, MS's owner. The owners interposed an answer to the amended complaint and asserted a cross-claim for contribution and/or indemnification against Haque and MS. Haque and MS also interposed an answer to the amended complaint and asserted cross-claims, inter alia, for indemnification and contribution against the owners. Thereafter, Haque died and McManus Ateshoglou Aiello & Apostolakos, PLLC, as temporary administrators of the estate of Haque, incorrectly sued herein as MS and Haque (hereinafter the estate), was substituted for Haque and MS as a defendant in the action.
The owners moved for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against them, contending, among other things, that the alleged hazardous condition was trivial and that the owners neither created nor had actual or constructive notice of the alleged defective condition. The estate moved, inter alia, for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against it and for summary judgment on its cross-claims asserted against the owners, contending, among other things, that the alleged defective condition was trivial and that it did not owe a duty to the plaintiff. By order dated July 10, 2020, the Supreme Court, inter alia, granted the owners' motion and denied those branches of the estate's motion. The plaintiff appeals, and the estate cross-appeals.
The Supreme Court properly granted that branch of the owners' motion which was for summary judgment dismissing the complaint insofar as asserted against them. In a premises liability case, a defendant moving for summary judgment has the burden of demonstrating, prima facie, that it did not create the allegedly dangerous condition or have actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (see Nelson v AMF Bowling Ctrs., Inc., 206 AD3d 929, 930; Seung Chul Na v JP Morgan Chase & Co., 123 AD3d 903, 903). Here, the owners established, prima facie, that they neither created the alleged hazardous condition nor had actual or constructive notice of that condition (see Gordon v American Museum of Natural History, 67 NY2d 836, 838; Kiskiel v Stone Edge Mgt., Inc., 129 AD3d 672, 674; Vilomar v 490 E. 181st St. Hous. Dev. Fund Corp Corp., 50 AD3d 469, 470). The owners presented evidence that the building's superintendent inspected and cleaned the area of the accident according to an established schedule and had inspected and cleaned the area after Haque & MS had concluded work for the day, approximately five hours before the plaintiff's accident. In opposition, the plaintiff failed to raise a triable issue of fact as to, among other things, whether the superintendent inadequately swept the area of the accident, as such contention was based on mere speculation and conjecture (see Seung Chul Na v JP Morgan Chase & Co., 123 AD3d at 904; Nelson v Cunningham Assoc., L.P., 77 AD3d 638, 640). Further, "[w]here, as here, the incident occurs outside of the scheduled cleaning routine, [the] plaintiff's failure to raise a factual issue that such routine was manifestly unreasonable so as to require altering it warrants dismissal of the complaint" (Thomas v Sere Hous. Dev. Fund Corp., 175 AD3d 1129; see Rodriguez v New York City Hous. Auth., 205 AD3d 631, 632).
However, the Supreme Court properly denied that branch of the estate's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it. "A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risk it poses" [*2](Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79). Here, the estate failed to establish, prima facie, that the alleged hazardous condition was trivial as a matter of law (see id. at 79; Sessa v Central Amusement Intl., LLC, 203 AD3d 863, 864; Amos v School 16 Assoc., L.P., 189 AD3d 2100, 2101; Elentuck v New York City Tr. Auth., 188 AD3d 825). Therefore, the sufficiency of the opposition papers on that issue need not be addressed (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
A contractual obligation, standing alone, generally does not give rise to tort liability in favor of a third party, such as the plaintiff (see Espinal v Melville Snow Contrs., 98 NY2d 136, 138). However, the Court of Appeals has recognized an exception to this rule "where the contracting party, in failing to exercise reasonable care in the performance of [its] duties, launche[s] a force or instrument of harm" (id. at 140 [internal quotation marks omitted]). Here, although the estate established, prima facie, that it did not owe a duty of care to the plaintiff, the plaintiff raised a triable issue of fact as to whether Haque and MS negligently launched a force or instrument of harm (see Correa v Town of Brookhaven, 208 AD3d 455, 456; McEleney v Riverview Assets, LLC, 201 AD3d 1159, 1163; Guzman v Jamaica Hosp. Med. Ctr., 190 AD3d 705, 706). Accordingly, the Supreme Court properly denied that branch of the estate's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it.
The parties' remaining contentions either need not be reached in light of our determination, are without merit, or are not properly before this Court.
CONNOLLY, J.P., MILLER, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court