Abney v Meridian Props., LLC (2023 NY Slip Op 06719)

Abney v Meridian Props., LLC

2023 NY Slip Op 06719

Decided on December 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2021-01370
 (Index No. 311/15)

[*1]Eric Abney, plaintiff-respondent, 
v
Meridian Properties, LLC, et al., defendants third-party plaintiffs-respondents, A & U General Contracting, Inc., defendant third-party defendant-appellant.

Morris Duffy Alonso & Faley, New York, NY (Iryna S. Krauchanka, Kevin G. Faley, and Michael B. Titowsky of counsel), for defendant third-party defendant-appellant.
Subin Associates, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Christopher Soverow], of counsel), for plaintiff-respondent.
Weiner Millo Morgan & Bonanno, LLC, New York, NY (John P. Bonanno of counsel), for defendants third-party plaintiffs-respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant third-party defendant appeals from an order of the Supreme Court, Kings County (Lisa S. Ottley, J.), dated January 6, 2021. The order, insofar as appealed from, denied the motion of the defendant third-party defendant for summary judgment dismissing the amended complaint insofar as asserted against it and the third-party complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the motion of the defendant third-party defendant for summary judgment dismissing the amended complaint insofar as asserted against it and the third-party complaint is granted.
On August 6, 2014, the plaintiff, a resident of an apartment building owned, operated and/or managed by the defendants third-party plaintiffs, Meridian Properties, LLC, Synder Avenue Realty Associates, Mike Niamonitakis, and James Dimitrades (hereinafter collectively the Meridian defendants), allegedly was injured when he slipped or tripped on a rock or rocks and fell as he placed his foot on an exterior step while exiting the building through the front door that led to a courtyard. The plaintiff commenced this action to recover damages for personal injuries against the Meridian defendants. The Meridian defendants commenced a third-party action seeking, inter alia, common-law indemnification and contribution against A & U General Contracting, Inc. (hereinafter A & U), the company hired by the Meridian defendants to perform certain renovation work that involved jackhammering cement in the courtyard near the subject steps. The plaintiff subsequently amended the complaint to add A & U as a defendant.
A & U moved for summary judgment dismissing the amended complaint insofar as asserted against it and the third-party complaint. In an order dated January 6, 2021, the Supreme [*2]Court, among other things, denied A & U's motion. A & U appeals.
Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140; Canciani v Stop & Shop Supermarket Co., LLC, 203 AD3d 1011). However, insofar as is relevant here, an exception to this general rule applies "where the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties, launche[s] a force or instrument of harm" (Espinal v Melville Snow Contrs., 98 NY2d at 140 [internal quotation marks omitted]; see Bradley v US Brownsville III Hous. Dev. Fund Corp., 213 AD3d 902, 905).
Here, A & U established its prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against it, by demonstrating that it did not affirmatively create the alleged dangerous condition that caused the plaintiff's accident (see Reece v J.D. Posillico, Inc., 131 AD3d 596; Peluso v ERM, 63 AD3d 1025). In opposition, the plaintiff failed to raise a triable issue of fact, by relying on speculation and conjecture as to whether the rock or rocks that allegedly caused him to fall were the result of A & U's renovation work (see Bradley v US Brownsville III Hous. Dev. Fund Corp., 213 AD3d at 905).
Accordingly, the Supreme Court should have granted that branch of A & U's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it. Since the court should have granted dismissal of the amended complaint insofar as asserted against A & U, it should also have granted that branch of A & U's motion which was for summary judgment dismissing the third-party complaint (see Troia v City of New York, 162 AD3d 1089, 1092-1093).
IANNACCI, J.P., CHAMBERS, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court