Tesoriero v ANMAC Holding Corp.
2026 NY Slip Op 03996
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Grace Tesoriero, etc., appellant,
v
ANMAC Holding Corp., et al., defendants, Irwin Friedman & Son, Inc., respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2023-07176, (Index No. 510254/18)
Francesca E. Connolly, J.P.
Valerie Brathwaite Nelson
Barry E. Warhit
Elena Goldberg Velazquez, JJ.

Bernstone & Grieco, LLP (Steve S. Efron, New York, NY, of counsel), for appellant.
Gallo Vitucci Klar LLP, New York, NY (C. Briggs Johnson and Debra A. Boccardi [Adler] of counsel), for respondent.

[*1]
DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the plaintiff appeals from an amended order of the Supreme Court, Kings County (Debra Silber, J.), dated August 14, 2023. The amended order, insofar as appealed from, granted that branch of the motion of the defendant Irwin Friedman & Son, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the amended order is affirmed insofar as appealed from, with costs.
Arthur Tesoriero (hereinafter the decedent) allegedly fell when he stepped into a partially exposed hole in the interior concrete floor of his place of employment. The defendant Irwin Friedman & Son, Inc. (hereinafter the defendant), had been retained by the decedent's employer to repair a leak, and the defendant dug a hole to repair an underground water pipe. The decedent allegedly sustained personal injuries from his fall and commenced this consolidated action against the defendant, among others. During discovery, the decedent died, and the plaintiff was thereafter substituted for him in this action as the administrator of his estate. The defendant moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. In an amended order dated August 14, 2023, the Supreme Court, among other things, granted that branch of the defendant's motion. The plaintiff appeals.
Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140; Abney v Meridian Props., LLC, 222 AD3d 921, 922). "However, one exception to this general rule exists where 'the contracting party, in failing to exercise reasonable care in the performance of [its] duties, launche[s] a force or instrument of harm'" (Miller v Infohighway Communications Corp., 115 AD3d 713, 715, quoting Espinal v Melville Snow Contrs., 98 NY2d at 140; see Bradley v US Brownsville III Hous. Dev. Fund Corp., 213 AD3d 902, 905). Moreover, "[a] builder or contractor is justified in relying upon the plans and specifications which he has contracted to follow" (Ryan v Feeney & Sheehan Bldg. Co., 239 NY 43, 46; see Peluso v ERM, 63 AD3d 1025, 1026; Gee v City of New York, 304 AD2d 615, 616). "A contractor that performs its work in accordance with contract plans may not be held liable unless those plans are 'so patently defective as to place a contractor of ordinary [*2]prudence on notice that the project, if completed according to the plans, is potentially dangerous'" (Nichols-Sisson v Windstar Airport Serv., Inc., 99 AD3d 770, 772, quoting West v City of Troy, 231 AD2d 825, 826; see Hodzic v M. Cary, Inc., 202 AD3d 1063, 1064).
Here, the defendant made a prima facie showing of its entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by demonstrating that it did not owe a duty of care to the decedent (see Espinal v Melville Snow Contrs., 98 NY2d 136). The defendant satisfied its contractual obligation to repair the pipe, backfill the hole, and cover the area with plywood and cones a few days prior to the incident. The defendant was not retained to re-cement the hole or to return to the premises to maintain the premises until the area was re-cemented. Accordingly, it cannot be said to have launched a force or instrument of harm (see Zaslow v City of New York, 124 AD3d 642, 643-644; Peluso v ERM, 63 AD3d at 1025). Moreover, the defendant reasonably believed that the decedent's employer would re-cement the work site after the defendant completed its work, thereby eliminating any dangerous condition likely to cause injury (see Peluso v ERM, 63 AD3d at 1025). In opposition, the plaintiff failed to raise a triable issue of fact.
In light of our determination, it is not necessary to address the parties' remaining contentions.
Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
CONNOLLY, J.P., BRATHWAITE NELSON, WARHIT and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court