Battey v Village of Youngstown
2026 NY Slip Op 04080
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

TINA M. BATTEY, PLAINTIFF-RESPONDENT,
v
VILLAGE OF YOUNGSTOWN, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
376 CA 25-01370
Present: Lindley, J.P., Curran, Ogden, Greenwood, And Delconte, JJ.

HAGELIN SPENCER LLC, BUFFALO, GERBER CIANO KELLY BRADY LLP, GARDEN CITY (BRENDAN T. FITZPATRICK OF COUNSEL), FOR DEFENDANT-APPELLANT.
DUKE, HOLZMAN, PHOTIADIS & RITTER LLP, BUFFALO (THOMAS D. LYONS OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

Appeal from an order of the Supreme Court, Niagara County (Mario A. Giacobbe, A.J.), entered August 13, 2025, in a personal injury action. The order denied the motion of defendant for summary judgment dismissing plaintiff's complaint.
[*1]
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she tripped and fell on a raised portion of a sidewalk in defendant, Village of Youngstown. Defendant appeals from an order that denied its motion for summary judgment dismissing the complaint. We affirm.
"If the municipality establishes its prima facie entitlement to summary judgment based on the lack of prior written notice, the burden shifts to the plaintiff to come forward with evidentiary proof in admissible form demonstrating the existence of material issues of fact which require a trial of the action" (Horst v City of Syracuse, 191 AD3d 1297, 1298-1299 [4th Dept 2021] [internal quotation marks omitted]).
Here, there is no dispute that defendant established that it lacked prior written notice of the alleged defects in the sidewalk. Thus, the burden shifted to plaintiff to establish that an exception to the prior written notice rule is applicable. Such an exception exists where the municipality's affirmative negligence "immediately results in . . . a dangerous condition" (Horan v Town of Tonawanda, 83 AD3d 1565, 1567 [4th Dept 2011] [internal quotation marks omitted]; see Yarborough v City of New York, 10 NY3d 726, 728 [2008]).
We conclude that plaintiff raised a triable issue of fact whether defendant's affirmative negligence immediately created a dangerous condition. Plaintiff submitted the affirmation of her husband, who stated that he had called defendant's Superintendent of Public Works "[i]mmediately upon observing the work and discovering that [defendant] had improperly reinstalled the original slab" and further stated that the sidewalk repair "was misaligned, uneven, unsafe and done in violation of Section 193-6 of the Village Code." Any inconsistencies between his affirmation and his deposition testimony are issues of credibility to be resolved at a trial (see Hale v Meadowood Farms of Cazenovia, LLC, 104 AD3d 1330, 1332 [4th Dept 2013]; Godlewski v Carthage Cent. School Dist., 83 AD3d 1571, 1572 [4th Dept 2011]; Palmer v Horton, 66 AD3d 1433, 1434 [4th Dept 2009]).
Contrary to defendant's further contention, it failed to establish as a matter of law that the defect in the sidewalk was trivial (see Morris v Buffalo Gen. Health Sys., 203 AD3d 1692, 1693-[*2]1694 [4th Dept 2022]).
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court